[No. B130613. Second Dist., Div. Five. Mar. 28, 2000.]

JONATHAN VO, Plaintiff and Respondent, v.
LAS VIRGENES MUNICIPAL WATER DISTRICT, Defendant and
Appellant.

**Counsel**

Liebert, Cassidy & Frierson, Liebert, Cassidy, Melanie M. Poturica and Irma Rodriguez Moisa for Defendant and Appellant.

Joseph Posner; Law Offices of Lee R. Feldman, Lee R. Feldman and Alicia Olivares Uyeda for Plaintiff and Respondent.

## OPINION

### TURNER, P. J.—

#### INTRODUCTION

Defendant, Las Virgenes Municipal Water District, appeals from an order awarding, plaintiff, Jonathan Vo, $470,000 in attorney fees after he prevailed on his complaint for violations of the Fair Employment and Housing Act (FEHA) (Gov. Code,[1] § 12900 et seq.). We agree with plaintiff that defendant has failed to provide an adequate record to permit us to determine if the trial court abused its discretion in fixing the attorney fee award in the sum of $470,000. We affirm, and plaintiff may seek additional fees pursuant to rule 870.2 of the California Rules of Court.

#### BACKGROUND

The parties elected to proceed under California Rules of Court, rule 5.1 and have filed a joint appendix. The joint appendix does not contain a copy of the complaint or answer. The record also does not include a copy of the reporter's transcript from a three-week jury trial. Both parties have referred to the complaint and matters raised during the trial which have has not been made a part of this record on appeal. From the sparse record that has been provided, the following procedural and factual matters are set forth.

Plaintiff's employment by defendant led to a jury verdict in his favor on causes of action for hostile work environment and failure to prevent harassment or discrimination in violation of the FEHA.[2] The jury awarded plaintiff $40,000 in compensatory damages, which award was reduced by stipulation

---

[1] All further statutory references are to the Government Code unless otherwise indicated.

[2] The absence of a complete and adequate record on appeal has led to an inability to determine some pertinent factual and procedural matters. For example, the parties' briefs contain inconsistent claims about the number of causes of action that plaintiff ultimately prevailed on at trial. Defendant states: "Vo prevailed on only one of three causes of action . . . his employment discrimination, harassment and retaliation lawsuit . . . ." Plaintiff on the other had contends that a verdict was returned on two separate causes of action, racial harassment and failure to take all reasonable steps necessary to prevent such. The record provided does show that the jury made findings on the claims as stated by plaintiff. However, it is unclear whether this was the same cause of action. In any event, the record provided and the briefs on appeal contain extensive argument on the amount of fees awarded due to the various successful and unsuccessful theories pursued by plaintiff. The record on appeal,

to $37,500. Plaintiff did not prove causes of action for retaliation and discriminatory denial of promotion.

Plaintiff's counsel, Lee R. Feldman, represented six former and current employees of defendant in FEHA claims. Plaintiff and Leon Holiday filed this current lawsuit for discrimination and harassment. Mr. Holiday's portion of the lawsuit was settled for $380,000. On September 23, 1998, plaintiff filed a motion requesting attorney fees in the amount of $616,917.85 pursuant to section 12965 on the ground he prevailed in the action brought under the FEHA against defendant. Mr. Feldman filed a declaration in which he stated that he made a settlement offer to defendant in December 1995. The settlement offer made on plaintiff's behalf was for $75,000. This was after incurring significant attorney fees drafting a proposed lawsuit, meeting with plaintiff, and corresponding with defendant's counsel. On December 31, 1995, defendant communicated to plaintiffs that it would pay Mr. Holiday's demand of $180,000 but would not offer Mr. Vo anything. On January 19, 1996, a few weeks after the lawsuit was filed, plaintiff's counsel caused a Code of Civil Procedure section 998 offer of settlement to be served on defendant for a total payment of $335,000. The offer was made on behalf of both Mr. Holiday and Mr. Vo. Defendant allowed this offer to expire. However, less than six months later, defendant offered to settle Mr. Holiday's case alone for $380,000. The $380,000 offer was accepted by Mr. Holiday. Defendant made no settlement offers to Mr. Vo at all. Defendant refused to accept any of plaintiff's offers thereafter. Mr. Feldman declared that his focus in discovery and trial preparation was devoted to proving that upper-level management was staffed by racially prejudiced person whose biases infected the work environment. Mr. Feldman estimated that 90 percent of time and energy was devoted to proving the existence of racial bias on the part of defendant's managers. Mr. Feldman estimated that only a small portion of time (less than 5 percent) was used to prove the promotional process was infected by the upper-level management's racial bias. However, Mr. Feldman declared that the evidence supporting the unsuccessful claims for promotion and retaliation was nearly identical to the evidence offered to establish the successful harassment and failure to remedy claims.

In its opposition to the attorney fee motion, defendant indicated that the parties had agreed to ask the court to determine the following issues: "(1) whether the lodestar amount should be adjusted downward due to Plaintiff's failure to prevail on the promotion and retaliation claim, and if so, by how

however, is inadequate for this court to examine these issues in a judicious and fair-minded fashion. As noted below, to the extent that defendant has asserted abuse of discretion by the trial court in assessing the attorney fee claims due to the claims asserted in the complaint and developed at trial, we are unable to make such a determination based on the record provided.

much; (2) whether the lodestar amount should be reduced due to the amount of the verdict; (3) whether the lodestar amount should be enhanced; and (4) the categories of hours Plaintiff's counsel cannot include as part of his attorney's fees request, e.g., time spent preparing and litigating Leon Holiday's case, and pursuing individual defendants whom Plaintiff voluntarily dismissed." The parties agreed not to address the reasonableness of the hourly rate and specific time entries. Defendant requested that the court: reduce the attorney fees by 50 percent because the discrimination and retaliation claims are not based on the same " 'core facts' " as the harassment claim; reduce the lodestar amount by an additional 80 percent due to the modest verdict and deny any enhancement because plaintiff's lawsuit was only to vindicate his own personal interests; deny any amount that would provide a double recovery for work in Mr. Holiday's case; and deny any recovery for time spent by Mr. Feldman pursuing individual defendants who were voluntarily dismissed.

After additional briefing on the issues over a period of several months, in October 1998, the trial court ruled that the unsuccessful claims arose out of the same core facts as the successful claims. In November 1998, the trial court ruled that the issue was confined to reasonable attorney fees that defendant should pay. This issue was not, in the trial court's view, whether Mr. Feldman would surrender a portion of the fees to plaintiff. On January 28, 1999, the parties filed two stipulations. The first stipulation provided that the trial court would determine a reasonable lodestar figure within the $425,000 to $550,000 range based on the totality of the circumstances. The parties indicated that the court, in making the determination of the reasonable lodestar figure, should consider the issues raised in prior briefs. The parties further stipulated that once the lodestar amount was determined, the trial court would then determine what amount, if any, should be deducted based on the defendant's " 'lack of success' " argument. In a revised stipulation submitted also on January 28, 1999, the parties agreed that a reasonable lodestar figure in the case would be $487,500. They further agreed that the only remaining issue for the court to determine was as follows, "By what percentage or amount, if any, should the stipulated lodestar figure be further reduced based on defendant's 'lack of success' argument?"

On January 29, 1999, the trial court issued its order reducing the lodestar figure by $17,500 for the unsuccessful two causes of action, making the attorney fee award $470,000. In rendering the award, the court found that plaintiff made demands ranging from $75,000, when attorney fees were $10,000 to $200,000. At no time did defendant ever make a settlement offer. The court found defendant's claim that plaintiff over-litigated the case to ring hollow. This was, in the trial court's view, because defendant never

offered to settle the litigation. The trial court further found the argument disingenuous because defendant spent more time defending the case than plaintiff spent prosecuting it. The court stated: "Based on the evidence the court heard at trial, it is clear inappropriate behavior consisting of racial and national origin slurs was pervasive at the Las Virgenes Municipal Water District. Accordingly, in the court's view, by filing this lawsuit plaintiff engaged in conduct which is at the core of the Civil Rights Act, i.e., exposing this kind of inappropriate conduct." The court indicated that it understood the fee was more than 10 times the amount of the jury's verdict. However, the court found the fee was justified by: defendant's complete failure to offer any amount in settlement while knowing of the wholly inappropriate conduct that its employees were engaging in; defendant's nonsettlement posture in the case which more than any other factor caused the case to be so intensely litigated; and the fact that conduct which the FEHA was enacted to deter was exposed and hopefully corrected. Defendant's timely appeal followed.

## DISCUSSION

The broad goal of the FEHA is to safeguard an employee's right to seek, obtain, and hold employment without being subjected to discrimination because of sexual preference, race, religious creed, color, national origin, ancestry, physical handicap, medical condition, marital status, sex, or age. (§ 12920; *Stevenson v. Superior Court* (1997) 16 Cal.4th 880, 891 [66 Cal.Rptr.2d 888, 941 P.2d 1157]; *Romano v. Rockwell Internat., Inc.* (1996) 14 Cal.4th 479, 493 [59 Cal.Rptr.2d 20, 926 P.2d 1114]; *Flannery v. California Highway Patrol* (1998) 61 Cal.App.4th 629, 637 [71 Cal.Rptr.2d 632].) Section 12965, subdivision (b) provides in part: "In actions brought under this section, the court, in its discretion may award to the prevailing party reasonable attorney fees and costs . . . ." ▮ An attorney fee award under this section is reviewed for abuse of discretion. (*Flannery v. California Highway Patrol, supra,* 61 Cal.App.4th at p. 647; *Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 921 [57 Cal.Rptr.2d 917]; *Cummings v. Benco Building Services* (1992) 11 Cal.App.4th 1383, 1386 [15 Cal.Rptr.2d 53].)

The determination for fees under section 12965 must be based upon a proper utilization of the lodestar method. (*Weeks v. Baker & McKenzie* (1998) 63 Cal.App.4th 1128, 1171-1172 [74 Cal.Rptr.2d 510]; *Flannery v. California Highway Patrol, supra,* 61 Cal.App.4th at p. 647.) In California, the lodestar method requires the trial court to first determine a touchstone or lodestar figure based on a careful compilation of the time spent and reasonable hourly compensation for each attorney. (*Serrano v. Priest* (1977) 20

Cal.3d 25, 48 [141 Cal.Rptr. 315, 569 P.2d 1303]; *Weeks v. Baker & McKenzie, supra,* 63 Cal.App.4th at pp. 1171-1172; *Flannery v. California Highway Patrol, supra,* 61 Cal.App.4th at p. 647.) The trial court may then augment or diminish the touchstone figure by taking various relevant factors into account. (*Serrano v. Priest, supra,* 20 Cal.3d at pp. 48-49; *Meister v. Regents of University of California* (1998) 67 Cal.App.4th 437, 446-447 [78 Cal.Rptr.2d 913]; *Weeks v. Baker & McKenzie, supra,* 63 Cal.App.4th at pp. 1171-1172; *Flannery v. California Highway Patrol, supra,* 61 Cal.App.4th at p. 647.) In *Serrano v. Priest, supra,* 20 Cal.3d at page 49, the California Supreme Court identified the relevant factors in that case as follows: "Among these factors were: (1) the novelty and difficulty of the questions involved, and the skill displayed in presenting them; (2) the extent to which the nature of the litigation precluded other employment by the attorneys; (3) the contingent nature of the fee award, both from the point of view of eventual victory on the merits and the point of view of establishing eligibility for an award; (4) the fact that an award against the state would ultimately fall upon the taxpayers; (5) the fact that the attorneys in question received public and charitable funding for the purpose of bring law suits of the character here involved; (6) the fact that the monies awarded would inure not to the individual benefit of the attorneys involved but the organizations by which they are employed; and (7) the fact that in the court's view the two law firms involved had approximately an equal share in the success of the litigation." (Fn. omitted.) (Accord, *Press v. Lucky Stores, Inc.* (1983) 34 Cal.3d 311, 322, fn. 12 [193 Cal.Rptr. 900, 667 P.2d 704].) Only a few of these factors are relevant to this case.

The Supreme Court has also noted: "The 'lodestar adjustment method of calculating attorney fees set forth in *Serrano III* is designed expressly for the purposes of maintaining objectivity.' [Citation.] The trial judge ultimately has discretion to determine the value of the attorney services. 'However, since determination of the lodestar figure is so "[f]undamental" to calculating the amount of the award, the exercise of that discretion must be based on the lodestar adjustment method.' [Citation.]" (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 [240 Cal.Rptr. 872, 743 P.2d 932], quoting *Press v. Lucky Stores, Inc., supra,* 34 Cal.3d at p. 324.) The Court of Appeal has held: "The challenge to the trial courts is to make an award that provides fair compensation to the attorneys involved in the litigation at hand and encourages litigation of claims that in the public interest merit litigation, without encouraging the unnecessary litigation of claims of little public value." (*Weeks v. Baker & McKenzie, supra,* 63 Cal.App.4th at p. 1172.) Under the lodestar method, a party who qualifies for a fee should recover for all hours reasonably spent unless special circumstances would render an award unjust. (*Serrano v. Unruh* (1982) 32 Cal.3d 621, 632-633 [186 Cal.Rptr. 754, 652 P.2d 985].)

█ Defendant does not dispute plaintiff's entitlement to an award of fees under section 12965. Further, defendant does not dispute the trial court's determination of the lodestar as a measurement of reasonable fees. Defendant contends the trial court abused its discretion in failing to reduce the lodestar figure because: (1) plaintiff's overall success was de minimis and the trial court failed to properly weigh this factor; (2) the trial court improperly determined the successful and unsuccessful claims were based on the same core facts; (3) the trial court improperly considered as a factor defendant's failure to make any settlement offer; and (4) the trial court improperly based the fee award on the desire to "send a message." Defendant also argues the trial court erred in determining plaintiff could share in the award of the fees when the California Rules of Professional Conduct prohibit attorneys from sharing legal fees with nonlawyers. We disagree with defendant's contentions the attorney fee award may be reversed based on the present record.

The judgment must be affirmed because the record provided by defendant is inadequate to conclude the trial court abused its discretion in determining the fee was reasonable. As the party challenging a fee award, defendant has an affirmative obligation to provide an adequate record so that we may assess whether the trial court abused its discretion. (*Maria P. v. Riles, supra*, 43 Cal.3d at pp. 1295-1296; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [157 Cal.Rptr. 874, 599 P.2d 65]; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [37 Cal.Rptr.2d 126].) We cannot presume the trial court has erred. The Court of Appeal has held: " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent. . . .' [Citation.]" (*Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 712 [152 Cal.Rptr. 65], original italics; accord, *Howard v. Thrifty Drug & Discount Stores* (1995) 10 Cal.4th 424, 443 [41 Cal.Rptr.2d 362, 895 P.2d 469].) In this case, the trial court clearly stated its determination as to the amount of the fees awarded was based on the entire course of the litigation, including pretrial matters, settlement negotiations, discovery, litigation tactics, and the trial itself, which consisted of three weeks of testimony and other evidence. Implicit in this determination is that the trial judge considered the pleadings, theories of recovery under the complaint, and evidence as presented by counsel to the jury. The record on appeal does not contain a copy of the pleadings, nor does it contain a trial transcript. The experienced and highly regarded judge who presided over this case was the best judge of what occurred in his courtroom. The California Supreme Court has set forth the well-established rule as follows: "The 'experienced trial judge is the best judge of the value of services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate

court is convinced that it is clearly wrong.' " (*Serrano v. Priest, supra*, 20 Cal.3d at p. 49; accord, *Granberry v. Islay Investments* (1995) 9 Cal.4th 738, 751 [38 Cal.Rptr.2d 650, 889 P.2d 970].) The absence of a record concerning what actually occurred at the trial precludes a determination that the trial court abused its discretion. It is not possible to judicially and appropriately determine from the inadequate record provided by defendant that the trial court abused its discretion in its conclusion that $470,000 was a reasonable award in comparison to the scope of the litigation as a whole. (*Maria P. v. Riles, supra*, 43 Cal.3d at pp. 1295-1296; see *Rebney v. Wells Fargo Bank* (1991) 232 Cal.App.3d 1344, 1349 [284 Cal.Rptr. 113].)

Moreover, plaintiff is entitled to attorney fees for the time spent defending the award in this appeal. (§ 12965; *Maria P. v. Riles, supra*, 43 Cal.3d at p. 1296; *Serrano v. Unruh, supra*, 32 Cal.3d at p. 639; *Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1126-1127 [75 Cal.Rptr.2d 27]; *Gonzales v. MetPath, Inc.* (1989) 214 Cal.App.3d 422, 428 [262 Cal.Rptr. 654].) Accordingly, we grant plaintiff's the attorney fee request and remand the matter for the trial court to determine the amount of the award in compliance with rule 870.2 of the California Rules of Court.

## DISPOSITION

The order under review is affirmed. Plaintiff, Jonathan Vo, is to recover his costs and reasonable attorney fees on appeal from defendant, Las Virgenes Municipal Water District.

Grignon, J., and Godoy Perez, J., concurred.

A petition for a rehearing was denied April 20, 2000.