Filed 6/5/14  Vargas v. Martinez-Senftner Law Firm CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

|  |  |
|---|---|
| MARIA VARGAS, | C069218 |
| Plaintiff and Respondent, | (Super. Ct. No. SCV 17868) |
| v. | |
| MARTINEZ-SENFTNER LAW FIRM, P.C., et al., | |
| Defendants and Appellants. | |

Plaintiff prevailed against defendants in her Fair Employment and Housing Act (Gov. Code, § 12900 et seq.; hereafter FEHA)[1] lawsuit and was awarded $368,000 in damages and an additional $211,111.63 in attorney fees.  (§ 12965, subd. (b).)  (*Vargas v. Martinez-Senftner* (Dec. 10, 2010, C055633 & C056198) [nonpub. opn.] (*Vargas*).) Defendants appealed the judgment and the postjudgment order awarding attorney fees, and we affirmed both the judgment and the postjudgment order.  (*Ibid*.)  Thereafter, plaintiff's counsel sought an additional $576,515.51 in attorney fees for work performed

---

[1] Further undesignated statutory references are to the Government Code.

after the filing of the initial attorney fees request in mid-2007. The trial court awarded plaintiff an additional $224,675.71 in attorney fees.

Defendants appeal the second attorney fees award, contending it "is unreasonable in light of the work actually performed" and should have been further reduced "for duplicative and/or superfluous work." Defendants also claim the trial court abused its discretion in taking judicial notice of various documents. Finding no error, we shall affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Maria Vargas sued her former employer, Martinez-Senftner Law Firm, P.C. (MSLF), its principal Gloria Martinez-Senftner (Martinez-Senftner), Martinez-Senftner's husband James Senftner (James), and her son Wayne Senftner (Wayne) for sexual harassment and retaliation under FEHA (§12940, subds. (h), (j)).[2] (*Vargas, supra,* C055633 & C056198.) Plaintiff also asserted causes of action against MSLF for gender discrimination and failure to take all reasonable steps to prevent sexual harassment from occurring (§ 12940, subds. (a), (k)). (*Vargas, supra,* C055633 & C056198.) A jury found James and Wayne sexually harassed plaintiff while plaintiff worked at MSLF, and that MSLF failed to take all reasonable steps to prevent such harassment. (*Ibid.*) The jury found against plaintiff on her remaining claims. (*Ibid.*) The jury awarded plaintiff $368,000 in damages ($68,000 in compensatory damages, $75,000 in punitive damages against each MSLF and James, and $150,000 against Wayne). (*Ibid.*) Following the entry of judgment, plaintiff's counsel filed a motion for attorney fees. On May 23, 2007, the trial court granted plaintiff's request for attorney fees in the amount of $211,111.63.

MSLF on the one hand and James and Wayne on the other separately appealed from the judgment and postjudgment order awarding attorney fees, contending "there

---

[2] Because James Senftner and Wayne Senftner share the same surname, we shall refer to each by their first name for clarity and ease of reference.

[was] insufficient evidence to support the verdicts against them; the trial court prejudicially erred in instructing the jury; the verdicts on the first (sexual harassment) and third (failure to prevent sexual harassment) causes of action conflict; the trial court abused its discretion in excluding evidence of plaintiff's sexual conduct; the verdict form [was] defective and the trial court failed to cure the defect; the jury engaged in misconduct; plaintiff's trial counsel committed misconduct; there [was] insufficient evidence to support the award of punitive damages; and the attorney fees awarded 'are excessive, contrary to the law, and not supported by sufficient evidence.' " (*Vargas, supra,* C055633 & C056198, fn. omitted.)  Finding none of the contentions warranted reversal, we affirmed the judgment and the postjudgment order awarding attorney fees. (*Ibid.*)

Defendants filed a petition for review with the California Supreme Court, which was denied.[3]

Thereafter, on April 26, 2011, plaintiff's counsel filed a second motion for attorney fees for legal services rendered after the filing of the first request for attorney fees motion in mid-2007.  The motion was accompanied by declarations from plaintiff's counsel and a request for judicial notice.

Plaintiff's counsel claimed 1,245.51 hours, billing two senior lawyers at $450 and $325 per hour, respectively, two mid-level attorneys at $275 per hour, one junior attorney at $250 per hour, and various paralegals and legal assistants at between $75 and $125 per hour, bringing the total lodestar amount to $311,209.45.  Plaintiff's counsel then subtracted 5 percent ($15,560.47) to account for any duplication, thereby reducing the

---

[3] We grant plaintiff's request for judicial notice of this court's electronic docket in the prior consolidated appeal (case Nos. C056198 & C055633) and that of our Supreme Court in the prior appeal (case No. S189895).

lodestar to $295,648.90. Plaintiff's counsel also requested a multiplier of 1.95, bringing the total fee request to $576,515.51.

At the hearing on the attorney fees motion, defendants' counsel objected to the request for judicial notice on the ground that defendants were not served with copies of the documents that were the subject of the request until the day before the hearing. Plaintiff's counsel responded that he was unaware the documents were served the day prior to the hearing, and in any case, the documents were listed in the request for judicial notice, which was served with the motion, and "[t]hese are documents that defendants already had."

The trial court overruled defendants' objection and took judicial notice of the requested documents, as well as the "docket information in the Court of Appeal's website pertaining to this case." In overruling defendants' objection, the court noted that "the documents were listed in plaintiff's request for judicial notice, filed with her moving papers. The documents are from the appellate record in this case, all of which records defendants already have in their possession." The trial court awarded plaintiff $224,675.71 in attorney fees, and not the $576,515.51 plaintiff requested. The court reduced the lawyers' hourly rates to "the fee rates utilized in determining the initial award of fees" -- between $175 and $325 -- and awarded "fees for law clerks and paralegals at $75 per hour." The trial court agreed that a 5 percent reduction was "appropriate as a billing adjustment to account for any duplication of effort" and denied the multiplier.

### DISCUSSION

### I
#### The Trial Court Did Not Abuse Its Discretion by Granting Plaintiff's Request for Judicial Notice

Defendants contend "[t]he trial court abused its discretion by taking judicial notice of Exhibits 'A' through 'J' and 'I' through 'V' " because the exhibits were not served on defendants' counsel until the day before the hearing on the motion. We disagree.

4

Plaintiff filed her second motion for attorney fees on April 26, 2011. The motion was accompanied by a request for judicial notice. Plaintiff requested the court take judicial notice of: the briefs and motions filed in *Vargas*; this court's decision in *Vargas*; the petition for review filed in the California Supreme Court, plaintiff's response thereto, and defendants' reply; the denial of the petition, and the remittitur; plaintiff's first attorney fees motion and declarations in support thereof; and the trial court's ruling on the first attorney fees motion. Copies of those documents were not served on defendants' counsel or the trial court until July 27, 2011, the day before the hearing on the attorney fees motion.

California Rules of Court, rule 3.1306(c) provides in pertinent part: "A party requesting judicial notice of material under Evidence Code sections 452 or 453 must provide the court and each party with a copy of the material." Assuming for argument's sake that plaintiff failed to comply with this rule by serving copies of the documents the day before the hearing, the trial court did not abuse its discretion in taking judicial notice of the same where, as here, the documents were already in defendants' possession.

As the trial court found in overruling defendants' objection, "the documents were listed in plaintiff's request for judicial notice, filed with her moving papers," and "are from the appellate record in this case, all of which records defendants already have in their possession." Defendants do not dispute the trial court's finding on appeal. Rather, they claim they were prejudiced by the court's ruling because their counsel did not have adequate time to review or analyze the documents due to their late filing. Not so. The documents were identified in the request for judicial notice served on April 26, 2011, and were already in defendants' possession at that time. Thus, defendants' counsel had ample time to review and analyze them. As the trial court observed at the hearing, "[A]ll of the documents for which judicial notice were [*sic*] requested were documents that you all had because they were documents that were part of the appellate record, and you were all involved in that. [¶] So there's nothing new that's being sprung on any of the parties."

5

While defendants' counsel claimed at the hearing that there were differences in some of the documents, counsel has had ample time since then to review the documents, and has failed to direct us to a single discrepancy.

The trial court did not abuse its discretion in granting plaintiff's request for judicial notice, and even if it did, defendants' were not prejudiced thereby.

II

Defendants Failed to Show the Trial Court Abused Its Discretion in Awarding Plaintiff $224,675.71 in Attorney Fees

A trial court has discretion to award attorney fees and costs to the party prevailing in a FEHA action. "In civil actions brought under this section, the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs, including expert witness fees." (§ 12965, subd. (b).) Moreover, a prevailing party is entitled to attorney fees for the time spent defending an award on appeal. (*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 448 (*Vo*).) "The theory for awarding fees for all time spent, including time spent on fee-related issues, is to preserve the benefit of the award for services on the merits. ' "[If] an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased [thus defeating the statutory policy of encouraging attorneys to represent clients acting as private attorneys general] . . . ." ' " (*Downey Cares v. Downey Community Development Com.* (1987) 196 Cal.App.3d 983, 997, quoting *Serrano v. Unruh* (1982) 32 Cal.3d 621, 634.)

"The determination for fees under section 12965 must be based upon a proper utilization of the lodestar method. [Citations.] In California, the lodestar method requires the trial court to first determine a touchstone or lodestar figure based on a careful compilation of the time spent and reasonable hourly compensation for each attorney. [Citations.] The trial court may then augment or diminish the touchstone figure by taking

6

various relevant factors into account." (*Vo, supra,* 79 Cal.4th at pp. 445-446.) "Under the lodestar method, a party who qualifies for a fee should recover for all hours reasonably spent unless special circumstances would render an award unjust." (*Id.* at p. 446.)

"When the trial court substantially reduces a fee or cost request, we infer the court has determined the request was inflated. [Citation.] The trial court is not required to issue a statement of decision. [Citations.] We may not reweigh on appeal a trial court's assessment of an attorney's declaration. [Citation.] 'The trial court, with declarations and supporting affidavits, [is] able to assess credibility and resolve any conflicts in the evidence. Its findings . . . are entitled to great weight. Even though contrary findings could have been made, an appellate court should defer to the factual determinations made by the trial court when the evidence is in conflict. This is true whether the trial court's ruling is based on oral testimony or declarations. [Fn. omitted.]' [Citation.]" (*Christian Research Institute v. Alnor* (2008) 165 Cal. App. 4th 1315, 1323.)

We review the trial court's award of attorney fees under an abuse of discretion standard. (*Vo, supra,* 79 Cal.App.4th at p. 445.)

Defendants contend "[t]he attorney fee award is unreasonable in light of the work actually performed." In particular, they assert that the 797 hours expended by attorney Noah Kanter "writing appellate briefs, with the assistance of four other attorneys and eight paralegals" was "grossly excessive, given the nature of this case." In support of their assertion, defendants rely on the declaration of attorney Lisa Jackson, who initially represented defendant MSLF in *Vargas*. According to Jackson, her "initial estimate to write the appeal for this file was $50,000, and another $10,000 to write the petition for review if necessary."**4**

---

**4** While Jackson gave her "estimate to write this appeal . . . and the petition for review if necessary," neither she nor defendants provide any information as to how much time it

7

Kanter did not spend 797 hours "writing appellate briefs," as defendants assert. Rather, during the four-year period following the filing of the first attorney fees motion, Kanter spent at total of 797 hours working on this case. Such work included, but was not limited to: preparing for, travelling to, and attending the oral argument on the first attorney fees motion; reviewing defendants' lengthy opening briefs filed in *Vargas* (of which there were three sets, the first two having been returned by this court); reviewing the record on appeal which was several thousand pages in length; performing legal research related to issues raised in defendants' opening briefs; drafting a lengthy consolidated respondent's brief; drafting motions to dismiss defendants' opening briefs and consolidated reply brief; preparing for and attending an appellate mediation; preparing for and attending the oral argument in this court; and reviewing and responding to defendants' petition for review in the California Supreme Court.

The trial court's statements at oral argument and in its order reflect that it considered the documentary evidence, which included Jackson's declaration, and the oral and written arguments of the parties, and it found the amount of time spent by Kanter to be reasonable. Moreover, the fact that the court reduced the award by over 60 percent ($351,839) reflects that it assessed the value of the legal services rendered before making a final decision as to the proper award. We afford that decision great deference. (*Nichols v. City of Taft* (2007) 155 Cal.App.4th 1233, 1239.)

Defendants also contend "[t]he trial court abused [its] discretion by failing to apply a larger reduction for duplicative and/or superfluous work." More specifically, defendants state that "Exhibits F & G to the Appellants' joint opposition brief contained examples of duplicative and/or superfluous time entries, which totaled $24,018.25." Defendants do not point to any other "examples" of duplicative or excessive work. As

actually took defendants' counsel to "write this appeal." Moreover, as plaintiff correctly points out, Jackson represented MSLF when it attempted to file its first opening brief in *Vargas*, which we rejected for failure to comply with numerous rules of court.

8

previously discussed, the trial court reduced the lodestar amount by 5 percent ($11,825.04) to account for any duplication. Thus, we are talking about an additional reduction of $12,193.21 ($24,018.25 minus $11,825.04 is equal to $12,193.21).[5]

The trial court was presented with this same argument below and after reviewing the record, including "the bill," it concluded a 5 percent reduction was appropriate "to account for any duplication of effort." Having reviewed exhibits F and G, referenced by defendants, we can discern no abuse of discretion. As the Ninth Circuit has observed, "determining whether work is unnecessarily duplicative is no easy task," and a certain amount of duplication "is inherent in the process of litigating over time." (*Moreno v. City of Sacramento* (9th Cir. 2008) 534 F.3d 1106, 1112; see also *Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603, 622.) Moreover, as a practical matter, "lawyers are not likely to spend unnecessary time on contingency fee cases [(such as this)] in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee. It would therefore be the highly atypical civil rights case where plaintiff's lawyer engages in churning. By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." (*Moreno v. City of Sacramento*, *supra*, 534 F.3d at p. 1112.)[6]

---

[5] To the extent defendants claim that work other than that cited in their briefs on appeal is duplicative or excessive, we decline to consider it. It is not this court's job to search the record for instances of duplicative or excessive billing. (See *Green v. City of Los Angeles* (1974) 40 Cal.App.3d 819, 835 ["An appellate court is not required to search the record to determine whether or not [it] supports appellants' claim of error. It is the duty of counsel to refer the reviewing court to the portions of the record which support appellants' position."].)

[6] In their reply brief defendants for the first time argue that the attorney fees award should be reduced because plaintiff's counsel engaged in "block-billing." This claim comes too late. (*Utz v. Aureguy* (1952) 109 Cal.App.2d 803, 808.)

DISPOSITION

The award of attorney fees is affirmed.  Plaintiff is awarded her costs on appeal.
(Cal. Rules of Court, rule 8.278(a)(1).)


     BLEASE            , Acting P. J.


We concur:


     MURRAY          , J.


     HOCH            , J.