Filed 6/10/14  Mitchell v. Johns CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CORNELL MITCHELL, | B249368 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. YS024917) |
| v. | |
| BRONSON JOHNS, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Laura C. Ellison, Judge.  Affirmed.

Cornell Mitchell, in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

_____

Appellant Cornell Mitchell, who appears in propria persona, appeals from an order granting attorney fees following the denial of his petition for a civil harassment restraining order. Because appellant has failed to provide a record demonstrating error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 20, 2013, appellant filed petitions for a temporary restraining order and permanent injunction against respondent Bronson Johns. The petitions were filed on Judicial Council forms pursuant to Code of Civil Procedure section 527.6. Appellant sought protection for himself and his 13-year-old daughter, who did not live with him. According to the petitions, appellant and respondent had a single physical altercation on May 13, 2013, concerning money respondent allegedly owed to appellant. Respondent said, "I will fuck you and your family up," and kicked appellant in the testicles. The trial court denied the request for a temporary restraining order and set a hearing for June 4, 2013.

On the date of the hearing, respondent filed a response on a Judicial Council form and a supporting declaration denying the allegations. Respondent stated that while he used to date appellant's ex-girlfriend, he had not seen appellant in four years, did not owe him money, and was disabled due to a stroke. On the response form, respondent checked the box entitled "Lawyer's Fees and Costs," and asked for attorney fees in the amount of $2,500. Respondent's attorney filed a declaration in support of the requested fees, stating that the fees were being sought pursuant to Family Code section 271.

According to the trial court's June 4, 2013 minute order, appellant and respondent were each sworn and testified. The court found no showing of a pattern of harassing conduct pursuant to Code of Civil Procedure section 527.6, and denied the petition for a restraining order. The minute order also states: "The request for attorneys fees filed this date on behalf of the respondent is granted. Petitioner Cornell Mitchell is ordered to pay the sum of $2,500.00 attorneys fees to respondent, Bronson Johns." The minute order directs counsel for respondent "to prepare the order." The record does not contain any further order or any reporter's transcript.

2

Appellant filed a notice of appeal the day after the hearing.  We have received no respondent's brief or any other response from respondent.

## DISCUSSION

Appellant contends that the trial court violated his statutory and due process rights by ordering that he pay respondent's attorney fees of $2,500 without first ascertaining whether he had the financial ability to pay such fees.

As noted above, respondent's attorney's declaration stated that attorney fees were being sought pursuant to Family Code section 271.[1]  It is not at all clear to us why attorney fees would be requested under the Family Code.  Appellant points to nothing in the record indicating that he filed his petition for a temporary restraining order and permanent injunction in a pending family law case.  Indeed, appellant wrote in his petition that he had "[n]o relationship" with respondent.

Appellant is correct that pursuant to Family Code section 271, a trial court is required to take into consideration a party's ability to pay attorney fees.  But Code of Civil Procedure section 527.6, pursuant to which appellant brought his petition and pursuant to which the trial court found no harassing conduct, has its own attorney fees provision.  Subdivision (r) states:  "The prevailing party in any action brought under this

---

[1]    Family Code section 271, subdivision (a) states:  "Notwithstanding any other provision of this code, the court may base an award of attorney's fees and costs on the extent to which the conduct of each party or attorney furthers or frustrates the policy of the law to promote settlement of litigation and, where possible, to reduce the cost of litigation by encouraging cooperation between the parties and attorneys.  An award of attorney's fees and costs pursuant to this section is in the nature of a sanction.  In making an award pursuant to this section, the court shall take into consideration all evidence concerning the parties' incomes, assets, and liabilities.  The court shall not impose a sanction pursuant to this section that imposes an unreasonable financial burden on the party against whom the sanction is imposed.  In order to obtain an award under this section, the party requesting an award of attorney's fees and costs is not required to demonstrate any financial need for the award."

Family Code section 271, subdivision (c) states:  "An award of attorney's fees and costs as a sanction pursuant to this section is payable only from the property or income of the party against whom the sanction is imposed, except that the award may be against the sanctioned party's share of the community property."

section may be awarded court costs and attorney fees, if any." (Code Civ. Proc., § 527.6, subd. (r).) There is no requirement under this statute that the trial court make an initial determination of a party's ability to pay.

From the record before us, we cannot determine whether the trial court awarded attorney fees pursuant to Family Code section 271 or Code of Civil Procedure section 527.6. The minute order makes no reference to any statute in the award of attorney fees. And there is no reporter's transcript of the June 4, 2013 hearing.

Even if the trial court awarded attorney fees pursuant to Family Code section 271, we cannot tell from the appellate record what evidence, if any, it considered in making its award. Appellant attaches as an exhibit to his opening brief a letter from the Department of Veterans Affairs, dated January 8, 2013, which was six months before the hearing. The letter states that he has been "rated '[p]ermanently and [t]otally' disabled due to non-service-connected causes," and receives $1,360 a month in veterans disability benefits. But we cannot tell from the record whether this letter, or any other evidence pertaining to appellant's finances, was ever submitted to the trial court.

"A ruling by a trial court is presumed correct, and ambiguities are resolved in favor of affirmance." (*Winograd v. American Broadcasting Co*. (1998) 68 Cal.App.4th 624, 631; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 ["""A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent. . . ."""]; *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.) The burden of overcoming this presumption of correctness rests on the appellant. (*Winograd, supra*, at p. 632.) Thus, an appellant must provide an adequate appellate record demonstrating the error he asserts; failure to do so requires resolution of the issue against him. (*Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362.) An appellant's burden to affirmatively demonstrate error remains the same whether the respondent files a brief or not. (*Kriegler v. Eichler Homes, Inc.* (1969) 269 Cal.App.2d 224, 226–227.)

4

On the record before us, we cannot conclude that the trial court erred in awarding attorney fees to respondent in the amount of $2,500.  (*Oliveira v. Kiesler, supra*, 206 Cal.App.4th at p. 1362 ["'The absence of a record concerning what actually occurred [in the trial court] precludes a determination that the trial court [erred]'"].)

## DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
        ASHMANN-GERST


We concur:


_____, P. J.
      BOREN


_____, J.
      CHAVEZ