Filed 12/29/20  Williams v. Anderson CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CARMON NACOLE WILLIAMS, | B296149 |
| Appellant, | (Los Angeles County Super. Ct. No. 18STFL00431) |
| v. | |
| LENARD ANDERSON, | |
| Respondent. | |

APPEAL from an order of the Superior Court of Los  Angeles County, Michael R. Powell, Judge.  Affirmed.

Carmon Nacole Williams, in pro. per., for Appellant.

Edmond E. Salem for Respondent.

_____

Appellant Carmon Nacole Williams appeals from an order denying her motion to set aside a temporary spousal support order and recalculate spousal support. We conclude the record is insufficient to allow us to conduct a meaningful appellate review of Williams's claim, and thus we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

Williams and respondent Lenard Anderson were married in 2011 and separated in 2017. Williams filed a marital dissolution petition in January 2018, which remains pending.

On May 31, 2018, the trial court held a hearing on Williams's request for temporary spousal support. At the conclusion of the hearing, the court ordered Anderson to pay Williams spousal support of $1,500 per month.

On November 13, 2018, Williams filed a motion pursuant to Family Code section 3691 to set aside the support order on grounds of fraud and perjury, and to recalculate support. Williams contended that Anderson had not disclosed all of his income prior to the May hearing, had recently transferred his largest income-producing property to his son, and had transferred large sums of money from a bank account in violation of the automatic temporary restraining order. Williams thus asked the court to set aside the prior order, recalculate spousal support based on Anderson's previously undisclosed income, and sanction Anderson for perjury.

During the January 4, 2019 hearing on Williams's motion, the court asked when Williams became aware of the alleged fraud and perjury, and whether the facts on which the motion was based had been available to Williams prior to the May 2018 hearing. Williams's attorney did not indicate when Williams learned of the relevant facts, but said Williams had not been able

2

to discover these facts before the May hearing because she had not been represented by counsel and did not have sufficient funds to issue document subpoenas.

After hearing argument, the court denied the motion. It noted that, at trial, Williams might be entitled to a remedy if she were able to prove that Anderson had hidden income or transferred assets; however, Williams had not met her burden under Family Code section 3691 to demonstrate that she had made reasonable efforts to obtain the relevant information before the May hearing.[1] Accordingly, the court denied Williams's motion.

## DISCUSSION

Williams contends the trial court abused its discretion by denying the motion to set aside the spousal support order. As we discuss, the appellate record designated by Williams is not adequate to permit us to consider her appeal on the merits, and thus we will affirm the trial court's order.

---

[1] In relevant part, section 3691 provides: "The grounds and time limits for an action or motion to set aside a support order, or part thereof, are governed by this section and shall be one of the following: [¶] (a) Actual fraud. Where the defrauded party was kept in ignorance or in some other manner, *other than through the party's own lack of care or attention*, was fraudulently prevented from fully participating in the proceeding. An action or motion based on fraud shall be brought within six months after the date on which the complaining party discovered or reasonably should have discovered the fraud. [¶] (b) Perjury. An action or motion based on perjury shall be brought within six months after the date on which the complaining party discovered or reasonably should have discovered the perjury." (Italics added.)

3

"Under well-established rules of appellate procedure, . . . the appellant . . . has the burden to provide an adequate record on appeal and to affirmatively show error." (*In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 622; *Osgood v. Landon* (2005) 127 Cal.App.4th 425, 435 ["It is the appellant's affirmative duty to show error by an adequate record"].) " 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the] appellant. [Citation.]' [Citation.] This principle stems from the well-established rule of appellate review that a judgment or order is presumed correct and the appellant has the burden of demonstrating prejudicial error." (*Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348.)

Here, Williams did not designate for inclusion in the appellate record most of the documents the parties filed in connection with May 31, 2018 and January 4, 2019 hearings. Most significantly for our purposes, Williams did not designate Anderson's May 2018 income and expense declaration—that is, the very document that Anderson contends contained incomplete and misleading information.[2] Williams also did not designate Anderson's May 2018 responsive declarations or his December 2018 opposition to Williams's motion to set aside the spousal support order.

---

[2] At oral argument, Williams indicated that the appellate record included an income statement that Anderson attached to his income and expense declaration. The document to which Williams refers purports to show Anderson's income and expenses from seven pieces of real property, but there is no indication in the record who prepared this document or in what context.

Because Williams has not provided us with Anderson's income and expense declaration, we have no basis for evaluating Williams's claim that Anderson failed to disclose relevant income and assets. In any event, an appellate record necessarily is inadequate if an appellant, like Williams here, " ' "predicates error only on the part of the record he [or she] provides the trial court, but ignores or does not present to the appellate court portions of the proceedings below which may provide grounds upon which the decision of the trial court could be affirmed." [Citation.]' (*Osgood v. Landon*[, *supra*,] 127 Cal.App.4th [at p.] 435.)" (*Jade Fashion & Co., Inc. v. Harkham Industries, Inc.* (2014) 229 Cal.App.4th 635, 644.)

As the party challenging the trial court's order, Williams has an affirmative duty to provide an adequate record so that we may assess whether the trial court abused its discretion. (*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447.) On the present record, we simply cannot do so.

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

LAVIN, J.

DHANIDINA, J.