Filed 10/3/24  Iriqui v. Latt CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JOSE A. MARTINEZ IRIQUI,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>MICHAEL BENJAMIN LATT,<br><br>Defendant and Respondent,<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>Intervenor and Respondent. | B322005<br><br>(Los Angeles County Super. Ct. No. BC682402) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Serena R. Murillo and Margaret L. Oldendorf, Judges.  Affirmed.

The Bucklin Law Firm and Stephen Loomis Bucklin for Plaintiff and Appellant.

Horvitz & Levy, Curt Cutting; Homan, Stone & Rossi, J. Pat Ferraris, and Danielle M. Johnson for Intervenor and Respondent.

_____

After a car crash, Jose Martinez Iriqui sued Michael Latt,[1] alleging Latt's negligent driving caused him to suffer injuries. A court trial resulted in a judgment in favor of Latt, and Iriqui appealed. Iriqui asserts the trial court improperly reopened discovery sua sponte and set a deposition deadline for Iriqui's expert witness that was not feasible, resulting in that witness being precluded from testifying at trial. Finding no merit to Iriqui's contentions, we affirm.

### *FACTUAL AND PROCEDURAL BACKGROUND*

A. *The Complaint, Trial Continuances, and Expert Witnesses*

In November 2017, Iriqui sued Latt, alleging Latt negligently collided with Iriqui in 2015. The court continued the trial several times due to two requests from Latt, the COVID-19 pandemic, and the parties' stipulation, which pushed the trial date to October 22, 2021. The court's May 2021 order granting the continuance stated, "The deadlines for all other statutory

_____

[1] In November 2023, after the trial in this case, Latt was murdered. Iriqui may proceed with his appeal because Latt's potential liability was covered by insurance. (Prob. Code, § 550, subd. (a).) We granted the unopposed motion to intervene brought by Latt's insurer, State Farm Mutual Automobile Insurance Company, which filed the responsive brief on Latt's behalf.

discovery and trial-related dates shall be continued to align with the new trial date." Therefore, based on the October 22 trial date, the new expert discovery cutoff was October 7. (Code Civ. Proc., § 2024.030 [expert discovery cutoff is 15 days before trial date].)[2]

In September 2021, Iriqui designated three expert witnesses: accident reconstructionist Felix Lee, biomechanical engineer Rami Hashish, and a medical doctor. Latt's counsel promptly requested the experts' availability for depositions. Iriqui offered dates for the medical doctor's deposition but stated he "may be de-designating" Lee and Hashish "because they are very expensive." Several days later, Iriqui's counsel said he was "90% sure I am not calling them. [¶] I realize I will ultimately have to de-designate at some point." Iriqui's counsel noted he was scheduled to begin a trial on October 4, and stated, "[I]f the case gets continued for some reason . . . and I hit the lottery in the meantime I may use them and you guys can depose them first of course." The same day, Latt noticed Lee's deposition for September 22 and Hashish's deposition for September 23. On September 21, both counsel stipulated that neither Lee nor Hashish would appear for their depositions "because of a retainer billing issue."

Toward the end of September 2021, Iriqui's counsel informed Latt's counsel that he had reserved a hearing in February 2022 for a motion to extend the expert discovery cutoff "for the sole purpose" of scheduling Lee and Hashish's depositions. The "purely financial matter" preventing their

---

[2]     Undesignated statutory references are to the Code of Civil Procedure.

3

earlier depositions had been resolved. Iriqui's counsel requested Latt agree to take the depositions after the expert discovery cutoff on October 7. Latt's counsel responded, "That is fine. We will notice Hashish and Lee's depos for October 7." Two days later, Latt did just that.

Several days later, at the beginning of October 2021, Iriqui's counsel informed Latt's counsel that he was "engaged in a lengthy trial in San Bernardino which may not end until early November." He stated he would request the first trial date after the Thanksgiving holiday, and, at the conclusion of his October trial, would "immediately contact Mr. Hashish and Mr. Lee to get their first available date(s) for completing the pending depositions." At the final status conference on October 8, the parties stipulated, and the court ordered, that the trial be continued from October 22 to November 29. The court's order stated that "[a]ll discovery and motion cut-off[ ] dates remain closed." Thus, the expert discovery cutoff remained October 7, 2021.

Iriqui's counsel's trial ended on October 19, 2021. Soon afterward, Latt noticed the depositions of Hashish and Lee for November 4 and November 11, respectively. Iriqui responded that Lee would be available for deposition November 11 and that Hashish would be available December 7.

B.    *Iriqui's Request for a Continuance and Lee's Deposition*

On October 25, 2021, Iriqui moved ex parte to continue the trial date for nine days until December 8, noting the date on which Hashish was available for a deposition (December 7) was after the scheduled trial date (November 29). Latt opposed Iriqui's request for a continuance, arguing that expert discovery was closed and that Latt would be prejudiced if the trial started

4

the day after Hashish's deposition, because Latt's counsel and experts would not have a sufficient opportunity to prepare their response to Hashish's testimony.

On October 27, 2021, the trial court[3] granted Iriqui's request to continue the trial for nine days until December 8. The minute order states, "Discovery and motion cut off dates correlate with the previous trial date." However, the minute order reflects the court specifically ordered Iriqui had until November 10 to produce Hashish for a deposition.[4]

Iriqui did not produce Hashish for deposition by November 102021. On November 11, Latt commenced Lee's deposition. On November 22, Latt noticed the continued deposition of Lee for December 1. But on November 30, Iriqui's counsel wrote to Latt's counsel with the subject line "Lee Deposition Tomorrow," stating "I do not see how we are going to be able to complete Lee's deposition Volume 2 if the trial actually starts 12/8/21 as I anticipate and fervently hope." The parties stipulated that Lee failed to appear for the second day of his deposition.

C.   *Further Trial Continuances, Pretrial Motions, and the Trial*

On December 8, 2021, the day the trial was scheduled to begin, the court[5] granted Latt's ex parte application to continue the trial due to the death of Latt's expert witness. The court continued the trial to January 26, 2022, and ordered, "Discovery

---

[3]   Judge Serena Murillo.

[4]   No reporter's transcript or settled statement of the October 27, 2021 hearing was provided on appeal.

[5]   Judge Murillo.

and motion cut off dates are NOT extended and [do] NOT to correlate with the new trial date."  On January 12, based on the parties' stipulation, the trial court continued the trial to March 14 and again ordered "[a]ll discovery and motion cut-off[] dates remain closed."

In March 2022, Latt moved in limine to preclude Hashish and Lee from testifying because Iriqui did not produce Hashish for deposition by November 10 and did not produce Lee for day two of his deposition.  Latt also moved to exclude video animation from the two experts.

Before the court[6] ruled on those motions, at a pretrial hearing, Iriqui's counsel informed the court that Hashish was not available before November 10, 2021, so Iriqui was "not able to comply with the order of the court."  Iriqui's counsel continued, "So there's no way we can call him here.  And [if] we can't call Dr. Hashish, then we can't call . . . Mr. Lee, who is the accident reconstructionist, and we can't use the computer animation," because Iriqui intended to present Lee's and Hashish's testimony together.  Regarding Latt's motions in limine to exclude Lee's and Hashish's testimony, the court asked, "Does [Iriqui] need a ruling on these motions in limine, or is [Iriqui] withdrawing Hashish and Lee?"  Iriqui's counsel responded, "We're withdrawing them." The court then stated the motions in limine were moot.

After a bench trial in March 2022, the trial court awarded Iriqui $15,000 in damages.  However, Iriqui's damages award plus his recoverable costs were less than the amount of Latt's pretrial settlement offer under section 998.  As a result, Iriqui

---

[6]     Judge Margaret Oldendorf.

recovered nothing from Latt, and Latt was awarded a net sum of $76,158.25 for costs under section 998.

Iriqui timely appealed from the judgment in favor of Latt.

## DISCUSSION

### A. *Applicable Law and Standard of Review*

A " 'trial court has the power to exercise a reasonable control over all proceedings connected with the litigation before it,' " including " 'the control of [its] calendar[], and the disposition of business before [it].' " (*Briggs v. Brown* (2017) 3 Cal.5th 808, 852.)  "The trial court has discretion in ruling on requests to extend discovery deadlines or continue trial dates.  Equally clear are the trial court's statutory obligations to enforce discovery cutoff dates and to set firm trial dates." (*Hernandez v. Superior Court* (2004) 115 Cal.App.4th 1242, 1246.)

Parties are generally entitled to complete expert witness discovery "on or before the 15th day . . . before the date initially set for the trial of the action." (§ 2024.030.)  "On motion of any party, the court may grant leave to complete discovery proceedings . . . closer to the initial trial date, or to reopen discovery after a new trial date has been set." (§ 2024.050, subd. (a); see *Cottini v. Enloe Medical Center* (2014) 226 Cal.App.4th 401, 420.)  Unless accompanied by a motion to reopen discovery under section 2024.050, generally "a continuance or postponement of the trial date does not operate to reopen discovery proceedings." (§ 2024.020, subd. (b); see *Pelton-Shepherd Industries, Inc. v. Delta Packaging Products., Inc.* (2008) 165 Cal.App.4th 1568, 1588.)

However, in the time period at issue here, during the COVID-19 pandemic, the California Legislature had enacted a

temporary emergency measure that superseded the normal rule that a continuance of the trial date does not operate to reopen discovery. This emergency provision, former section 599, stated: "Notwithstanding any other law and unless ordered otherwise by a court or otherwise agreed to by the parties, a continuance or postponement of a trial or arbitration date extends any deadlines that have not already passed as of March 19, 2020, applicable to discovery . . . . The deadlines are extended for the same length of time as the continuance or postponement of the trial date." (Former § 599, subd. (a), added by Stats. 2020, ch. 112, § 1 (Sen. Bill 1146), and repealed by Stats. 2021, ch. 214, § 2 (Sen. Bill 241), eff. Aug. 27, 2023.)

We review the trial court's rulings regarding continuances of trial dates and discovery orders under the abuse of discretion standard. (*Dailey v. Sears, Roebuck & Co.* (2013) 214 Cal.App.4th 974, 1003; *Avant! Corp. v. Superior Court* (2000) 79 Cal.App.4th 876, 881.)

B.     *Iriqui Has Not Demonstrated the Trial Court Abused Its Discretion in Setting a November 10, 2021 Deadline for Hashish's Deposition*

Iriqui argues that because he did not bring a formal motion to extend the expert discovery cutoff and because the court nevertheless ordered Iriqui to produce Hashish for deposition by November 10, 2021, the court improperly brought its own motion to reopen discovery under section 2024.050 and failed to give Iriqui notice of that motion. Iriqui also contends the trial court erred by "improperly compelling plaintiff's expert biomechanical expert to testify on a date on which he was unavailable." Iriqui's contentions are meritless.

8

His main premise—that the trial court brought and granted "its own motion" to continue the expert discovery deadline—is faulty.  On October 27, 2021, when Iriqui requested and received a trial continuance, former section 599 governed.  Under former section 599, unless the trial court ordered or the parties agreed otherwise, discovery deadlines *automatically* were "extended for the same length of time as the continuance or postponement of the trial date."  (Former § 599, subd. (a).)[7] Therefore, when the trial court granted Iriqui's request to continue the trial date for nine days until December 8, 2021, the expert discovery cutoff date was automatically continued until November 23, 2021, unless specifically ordered otherwise.  (See former §§ 599; 2024.030 [expert discovery cutoff is on the 15th day before the day set for trial].)  The court did "order[] otherwise"—it ordered that "[d]iscovery and motion cut off dates correlate[d] with the previous trial date," but also that Iriqui was to produce Hashish for a deposition by November 10.  The trial court did not bring "its own motion."

Iriqui further complains it was improper for the court to order that Hashish sit for his deposition by November 10, when Iriqui's motion to continue the trial said Hashish was not available until December 7.  But Iriqui's only request in his motion was to continue the trial until December 8, 2021, a request the court granted.  As discussed, under former section 599, the corresponding default expert discovery cutoff for the December 8 trial was November 23—a date also well before

---

[7]    Under Government Code section 68081, we requested and received letter briefs from the parties addressing the effect of former section 599 here, as well as addressing the effect of a lack of a record of the oral proceedings on October 27, 2021.

9

December 7.  However, Iriqui did not move under section 2024.050 to have Hashish's deposition go forward later than November 23.  "A party on appeal cannot successfully complain because the trial court failed to do something which it was not asked to do."  (*Chyten v. Lawrence & Howell Inv*estments (1993) 23 Cal.App.4th 607, 617, ordered published, 882 P.2d 246 (Cal. 1994).)  Even if we could construe Iriqui's motion to continue the trial as encompassing a motion to reopen expert discovery to allow Hashish's deposition to be taken, Iriqui did not comply with the statutory requirement that "a meet and confer declaration under Section 2016.040" accompany the latter request.  (§ 2024.050, subd. (a).)  Nor did his motion address the factors listed in section 2024.050 that a trial court must consider in deciding whether to grant or deny a motion to reopen discovery or complete discovery closer to the trial date.  (§ 2024.050, subd. (b)(1)-(4); *Pelton-Shepherd Industries, Inc. v. Delta Packaging Products., Inc.*, *supra*, 165 Cal.App.4th at p. 1588 [trial court abuses its discretion by granting a motion to reopen discovery without compliance with § 2024.050]; accord, *Fairmont Ins. Co. v. Superior Court* (2000) 22 Cal.4th 245, 249-250.)  Moreover, Iriqui failed to meet his burden to provide a record of the oral proceedings on October 27, 2021, to support his contention that the trial court abused its discretion in setting the November 10 deadline for Hashish's deposition.  (Cal. Rules of Court, rule 8.120(b); *Sanowicz v. Bacal* (2015) 234 Cal.App.4th 1027, 1034, fn. 5.)  We have no way of knowing what the parties and the court discussed with respect to Hashish's deposition or whether Iriqui objected to the November 10 deadline.  "[A]bsent a showing of error on the record," we presume the trial court did not abuse its discretion in setting that deadline.  (*Southern*

10

*California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483; see *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447-448 ["The absence of a record concerning what actually occurred . . . precludes a determination that the trial court abused its discretion."].)

C.    *Iriqui Withdrew His Expert Witnesses at Trial*

Iriqui contends the trial court committed "structural error" in improperly excluding Hashish's testimony "by compelling a deposition without any notice on a date that the expert was unavailable."  Structural error "typically occurs when the trial court deprives a party of its due process right to a fair trial." (*Kline v. Zimmer, Inc.* (2022) 79 Cal.App.5th 123, 135.)  An appellant need not demonstrate prejudice from a court's error that is deemed structural (*ibid.*), and instead per se reversal is required.  (*Severson & Werson, P.C. v. Sepehry-Fard* (2019) 37 Cal.App.5th 938, 950).  "[I]mproper exclusion of expert testimony can amount to structural error" when it deprives a party of the right to a fair trial.  (*Kline*, at p. 135.)

Contrary to Iriqui's contention, the trial court did not exclude any expert testimony.  Rather, before trial, Iriqui explicitly withdrew his expert witnesses.  Regarding Latt's motions in limine to exclude Lee's and Hashish's testimony, the court asked, "Does [Iriqui] need a ruling on these motions in limine, or is [Iriqui] withdrawing Hashish and Lee?"  Iriqui's counsel responded, "We're withdrawing them."  Because Iriqui indicated he would not be calling his experts at trial, and he indicated he did not need a court ruling on Latt's motion to preclude the experts from testifying, Iriqui cannot blame the absence of their testimony on the court.  "In other words, there is

11

simply no ruling for us to review."  (*Farmer Bros. Co. v. Franchise Tax Bd.* (2003) 108 Cal.App.4th 976, 993.)

### *DISPOSITION*

The judgment is affirmed.


STONE, J.

We concur:


SEGAL, Acting P. J.


FEUER, J.