Filed 10/8/21  Marriage of Truin CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re the Marriage of YORK T. and GEORGETTE A. TRUIN. | B308856 |
| YORK T. TRUIN, | Los Angeles County Super. Ct. No. BD501461 |
| Respondent, | |
| v. | |
| GEORGETTE A. TRUIN, | |
| Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Lynn H. Scaduto, Judge.  Affirmed.

Georgette Truin, in pro. per., for Appellant.

Westover Law Group and Andrew L. Westover for Respondent.

Georgette A. Truin (mother) appeals an order denying her request for an order modifying a 2013 juvenile court exit order granting her former husband, York T. Truin (father), sole legal and physical custody of their two minor daughters. We affirm.

**FACTS AND PROCEDURAL HISTORY**

The juvenile court exit order followed a series of unsubstantiated referrals that mother made to the Department of Children and Family Services, alleging father sexually abused the girls.[1] In addition to giving father sole legal and physical custody, the judgment granted mother three hours per week of supervised visitation. In April 2014, the trial court incorporated the exit order into a final judgment of dissolution.

---

[1] Because mother did not designate several key documents for inclusion in the record, our factual recitation is drawn primarily from the transcript of the hearing on mother's request and the trial court's written order, which we presume is accurate absent an adequate record to prove otherwise. (See *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 448 (*Vo*) ["The absence of a record concerning what actually occurred at the trial precludes a determination that the trial court [erred]."].)

According to the report of a family court services specialist who testified at the hearing, the Department of Children and Family Services determined mother made "manipulating child abuse reports" that "subjected [the children] to numerous forensic exams and interviews . . . all with negative results." Mother typically made these false allegations "prior to holidays in order to interfere with the father's custodial time." This resulted in the Department bringing allegations of "emotional abuse" against mother that "were substantiated."

In November 2019, mother filed a request for an order modifying the judgment to grant her joint legal and physical custody of the girls or additional unmonitored visitation time.

After a hearing (continued to October 7, 2020), the trial court denied the request, concluding there had not been a material change in circumstances and mother failed to demonstrate modification would be in the children's best interests. The court principally relied upon statements the girls (ages 11 and 12) made in a family court services interview, where they reported mother improperly communicated with them about the court proceedings and made disparaging remarks about father. The girls also described mother "as 'lying' and one described her as 'sneaky.' " The visitation monitors' reports substantiated the girls' statements. Based on this evidence, the court found mother's "emotional abuse" of the girls persisted and "expanding [mother's] time and lifting the monitoring requirement as [mother] requested presented a real risk of the minor children having to endure more intrusive and destabilizing investigations into their relationship with [father]."

## DISCUSSION

It is a fundamental rule of appellate law that the lower court's order or judgment is presumed to be correct. We are required to draw all reasonable inferences in favor of the court's order, and to affirm the order if any rational grounds exist for the trial court to have reached its factual conclusions. (*Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416; *Vo, supra,* 79 Cal.App.4th at pp. 447–448.) As the party seeking reversal, the appellant has the burden to provide an adequate record to overcome the presumption of correctness and establish prejudicial error. (See *Denham v.*

3

*Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564; *Aguilar v. Avis Rent A Car System, Inc*. (1999) 21 Cal.4th 121, 132.)

The appellant also has a duty to present substantive legal and factual analysis showing the trial court prejudicially erred. "Where a point is merely asserted by [appellant] without any [substantive] argument of or authority for its proposition, it is deemed to be without foundation and requires no discussion." (*People v. Ham* (1970) 7 Cal.App.3d 768, 783, disapproved on another ground in *People v. Compton* (1971) 6 Cal.3d 55, 60, fn. 3; *Jones v. Superior Court* (1994) 26 Cal.App.4th 92, 99 ["Issues do not have a life of their own: if they are not raised or supported by [substantive] argument or citation to authority, we [may] consider the issues waived."].)

Mother is not represented by an attorney in this appeal. While we are sympathetic to the challenges she faces as a pro. per. litigant, the fact that she represents herself does not diminish her burden to establish reversible error. The law permits a party to act as her own attorney, but " 'such a party is to be treated like any other party and is entitled to the same, but no greater[,] consideration than other litigants and attorneys. [Citation.]' [Citation.] Thus, as is the case with attorneys, pro. per. litigants must follow correct rules of procedure." (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247; see also *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Kobayshi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

Under Welfare and Institutions Code section 302, subdivision (d), "[a]ny custody or visitation order issued by the juvenile court at the time the juvenile court terminates its jurisdiction . . . shall not be modified in a [family law] proceeding

4

. . . unless the court finds that there has been a *significant change of circumstances* since the juvenile court issued the order and modification of the order is in the *best interests of the child*." (Italics added.) "As trial courts have broad powers and have the widest discretion to fashion a custody and visitation plan that is in the child's best interest, we employ the deferential abuse of discretion standard of review [to] a trial court's ruling on custody and on visitation." (*Heidi S. v. David H.* (2016) 1 Cal.App.5th 1150, 1162–1163.)

Mother's appellate briefs do not discuss the legal standard a trial court applies when considering a request to modify a juvenile court exit order regarding custody and visitation, nor do they address the standard we must apply in reviewing a trial court's order denying such a request. As best we can discern from her briefs, mother appears to assert the 2013 exit order is "not clear" with respect to the terms of visitation, yet the trial court "still refused to make any order regarding modification." Mother does not support her assertion with a reasoned argument or citations to relevant authority. We also have no record of mother objecting to the order on this ground, either when the juvenile court made the order or when the trial court incorporated it into the final judgment of dissolution. In any event, mother's argument is irrelevant to our review, because it does not address the controlling legal standard—namely, whether there was a significant change in circumstances compelling modification of the custody and visitation order to secure the best interests of the children. (See Welf. & Inst. Code, § 302, subd. (d).)

Mother also claims the court erred by refusing to hear testimony from her witnesses. Under Family Code section 217,

subdivision (b), "a court may make a finding of good cause to refuse to receive live testimony [at a hearing under the Family Code] and shall state its reasons for the finding on the record or in writing." In its written order, the court "found good cause not to hear live testimony from any of [mother's] witnesses, concluding that their testimony would be, at best, cumulative of the minor children's remarks, which the court viewed as credible and consistent with one another and the other evidence before the court." The court's written finding complies with section 217, subdivision (b), and mother has not presented a reasoned argument to show the court abused its discretion. We find no reversible error on the record presented.

**DISPOSITION**

The order is affirmed.  York T. Truin is entitled to his costs.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EGERTON, J.

We concur:

LAVIN, Acting P. J.

HILL, J.[*]

---

[*]	Judge of the Santa Barbara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.