Filed 9/12/22  Cono v. Mazza CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LEO CONO, | B314477 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 21STCV07520) |
| v. | |
| ADAM MAZZA, | |
| Defendant and Respondent. | |

APPEAL from orders of the Superior Court of Los Angeles County, David J. Cowan, Judge.  Affirmed.

Leo Cono, in pro. per., for Plaintiff and Appellant.

Bryan, Cave, Leighton, Paisner, Jed P. White and Helen Goodman for Defendant and Respondent.

_____

Plaintiff and appellant Leo Cono appeals the August 5, 2021 orders declaring him a vexatious litigant and prohibiting him, under Code of Civil Procedure[1] section 391.7, from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed, unless he is represented by an attorney. The parties are familiar with the facts and our opinion does not meet the criteria for publication. (Cal. Rules of Court, rule 8.1105(c).) We accordingly resolve the cause before us, consistent with constitutional requirements, via a written opinion with reasons stated. (Cal. Const., art. VI, § 14; *Lewis v. Superior Court* (1999) 19 Cal.4th 1232, 1262–1263 [three-paragraph discussion of issue on appeal satisfies constitutional requirement because "an opinion is not a brief in reply to counsel's arguments"; "[i]n order to state the reasons, grounds, or principles upon which a decision is based, [an appellate] court need not discuss every case or fact raised by counsel in support of the parties' positions"].)

## FACTS AND PROCEDURAL HISTORY

On February 25, 2021, Cono filed a 222-page civil complaint against "Adam Mazza, et al.," apparently in response to the termination of a co-working lease agreement. On June 16, 2021, the trial court issued an order to show cause why it should not find Cono to be a vexatious litigant.

---

[1] All further statutory references are to the Code of Civil Procedure, unless stated otherwise.

The record on appeal only contains the first page of the court's June 16, 2021 order, which states that "[s]ince December 6, 2019, Leo Cono has initiated, in propria persona, twelve new litigations in Los Angeles Superior Court."

The August 5, 2021 minute order indicates that no court reporter was present at the hearing. The minute order stated, in relevant part: "In a minute order dated June 16, 2021 filed in the above case, this court scheduled for this date an Order to Show Cause ('OSC') Re: Leo Cono Should Not Be Declared a Vexatious Litigant and be subject to a pre-filing order, prohibiting any new litigation in the courts of this state in propria persona without first obtaining leave of the Presiding Judge of the court where the litigation is proposed. (CCP § 391.7(a).)" According to the August 5, 2021 order, Cono presented his objections orally at the hearing. The court found sufficient grounds to declare Leo Cono a vexatious litigant under section 391, "and Cono has failed to sufficiently evidence why the [c]ourt should not make this finding." On the same day, the trial court also filed a separate Judicial Council form order (VL-100, Prefiling Order – Vexatious Litigant), which stated that on the court's motion, Leo Cono "unless represented by an attorney, [is] prohibited from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed." The order directed the clerk to provide a copy of the order to the California Judicial Council.

After filing a timely notice of appeal, Cono filed in the trial court several applications for an order to vacate the prefiling order and remove plaintiff/petitioner from the Judicial Council vexatious litigant list.

Cono has filed in this court a myriad of motions in connection with the current appeal.[2] By this opinion, we deny the following outstanding motions:

1. Response/Reply, filed March 8, 2022;
2. Request for a statement of decision, filed May 12, 2022;
3. Request for a statement of decision, filed May 16, 2022;
4. Request to adjudicate immediately, filed May 24, 2022;
5. Request to adjudicate immediately, filed June 6, 2022; and
6. Letter brief re: preference, filed August 8, 2022.

## I.    Relevant Law and Standard of Review

A party may not be declared to be a vexatious litigant without a noticed motion and hearing "which includes the right to oral argument and presentation of evidence." (*Bravo v. Ismaj* (2002) 99 Cal.App.4th 211, 225 (*Bravo*).) Section 391, subdivision (b), offers several definitions for a vexatious litigant, including a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been (i) finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been brought to trial or hearing," or who "[a]fter a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria persona, either (i) the validity

---

[2] Respondent Adam Mazza filed a notice stating he took no position on Cono's appeal. Mazza did not file anything in response to Cono's motions on appeal.

4

of the determination against the same defendant or defendants as to whom the litigation was finally determined or (ii) the cause of action, claim, controversy, or any of the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined." (§ 391, subd. (b)(1) & (2).) A person who "repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay" while acting in propria persona is also a vexatious litigant. (§ 391, subd. (b)(3).) The term "litigation" as used in section 391, subdivision (b)(1), is broadly defined "as meaning 'any civil action or proceeding, commenced, maintained or pending in any state or federal court.' " (*Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1170, see § 391, subd. (a).)

Section 391.7, subdivision (a), authorizes the court to "enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding justice or presiding judge of the court where the litigation is proposed to be filed."

"A court exercises its discretion in determining whether a person is a vexatious litigant." (*Bravo, supra*, 99 Cal.App.4th at p. 219.) "An abuse of discretion occurs 'where, considering all the relevant circumstances, the court has exceeded the bounds of reason[,] or it can fairly be said that no judge would reasonably make the same order under the same circumstances.' " (*In re Marriage of Olson* (1993) 14 Cal.App.4th 1, 7.) On appeal, "[w]e uphold the court's ruling

5

if it is supported by substantial evidence. [Citations.] . . . [W]e presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment." (*Bravo*, at p. 219.)

" 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153 (*United*).) The appellate court is not required to develop an appellant's arguments for him. (*Ibid*.) "We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' " (*Ibid*.) An appellate court has no obligation to make an independent search of the record to find support for contentions on appeal. (*Jumaane v. City of Los Angeles* (2015) 241 Cal.App.4th 1390, 1406.)

It "is appellant's burden to provide a reporter's transcript if 'an appellant intends to raise any issue that requires consideration of the oral proceedings in the superior court . . .' (Cal. Rules of Court, rule 8.120(b)), and it is the appellant who in the first instance may elect to proceed without a reporter's transcript (Cal. Rules of Court, rule 8.130(a)(4))." (*Sanowicz v. Bacal* (2015) 234 Cal.App.4th 1027, 1034, fn. 5.) In an appeal involving the abuse of discretion standard of review, a reporter's transcript, or an agreed or settled statement of the proceedings is usually indispensable. (See, e.g., *Vo. V. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 448 ["The absence of a record concerning what actually occurred at the trial precludes a determination that the trial court abused

6

its discretion"] (*Vo*); *Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 487 [without reporter's transcript or suitable substitute, appellant cannot demonstrate an award of attorney fees constituted an abuse of discretion].)  That a party is in propria persona does not excuse compliance with these requirements.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985; *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543.)

## II.    Analysis

We see nothing on the face of the trial court's August 5, 2021 order or in the record provided on appeal that would lead us to question whether Cono was provided with adequate notice and an opportunity to demonstrate why he should not be declared a vexatious litigant.  "[W]e presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment."  (*Bravo*, *supra*, 99 Cal.App.4th at p. 219.)

Cono's appellate briefing does not present any cognizable legal arguments explaining how or why the trial court abused its discretion when it declared Cono a vexatious litigant under section 391, subdivision (b), and entered a pre-filing order against Cono under section 391.7.  In addition, Cono fails to provide an adequate record to challenge the trial court's exercise of discretion: the record on appeal does not include a reporter's transcript, settled statement, or agreed statement as authorized by California Rules of Court, rules 8.134 and 8.137.  Absent any cogent analysis, an adequate record, or citations to support in the record provided, Cono has not carried his burden

to demonstrate any error.  (*United, supra,* 36 Cal.App.5th at p. 153.)

## DISPOSITION

The August 5, 2021 orders declaring Leo Cono a vexatious litigant and prohibiting him from filing any new litigation in the courts of California without approval of the presiding justice or presiding judge of the court in which the action is to be filed, unless he is represented by an attorney, are affirmed.  Each party shall bear their own costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.


We concur:


RUBIN, P. J.


KIM, J.