Filed 12/26/24  Marriage of Smith CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

.

| | |
|---|---|
| IN RE THE MARRIAGE OF RUSSELL ALLEN SMITH AND DOINA SMITH. | H050842 (Santa Clara County Super. Ct. No. 20136FL010518) |
| RUSSELL ALLEN SMITH, Appellant, v. DOINA SMITH, Respondent. | |

Appellant Russell Allen Smith (husband) and respondent Doina Smith (wife) were apparently married in July 2008.[1]  They have one child, E.S. (the minor), who was born in 2009.  The parties apparently separated in May 2013.  Husband filed a petition for dissolution or legal separation in June 2013. A judgment of dissolution was entered by the court in March 2015.

---

[1] Because the record before us is incomplete and is missing basic pleadings filed below that are essential to our full understanding of this case, our recitation of procedural and other matters is necessarily limited, and, in some instances, is based upon unverified details supplied in the parties' filings in the court below.

Prior to January 2022, and in November 2021, wife, pursuant to the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.; DVPA or the Act),[2] filed a request for domestic violence restraining order (DVRO Request) against husband. It is apparent that husband filed written opposition to wife's DVRO Request. There were at least three hearings conducted on the DVRO Request. On November 8, 2022, the trial court granted wife's DVRO Request. The trial court also addressed custody and visitation issues concerning the minor at the November 8, 2022 hearing. The court ordered that wife have sole legal and physical custody of the minor and that husband have supervised virtual visitation one time per week. A formal DVRO was filed on November 22, 2022.

On appeal, husband challenges the court's order entered November 8, 2022. He contends that there was no substantial evidence that he committed abuse that would support the court's order granting a domestic violence restraining order. Husband also asserts that the custody and visitation orders were not supported by substantial evidence and must be reversed.

We conclude there is no error, and we will affirm the orders.

## I.    PROCEDURAL HISTORY

A confidential custody evaluation in this proceeding dated September 5, 2021, was prepared and submitted by a licensed clinical social worker (custody evaluator).[3] Wife and husband filed separate written objections to the custody evaluation.

On or about November 16, 2021, wife filed a DVRO Request, and a response was thereafter filed by husband. The appellate record does not disclose either the substance

---

[2] All further unspecified statutory references are to the Family Code.

[3] The evaluation was the result of an order filed December 30, 2020. At a hearing on June 2, 2021, the trial court indicated that it was "requesting [the] evaluator make recommendations for legal custody given father's statements to [the minor] and statements made in court." The custody evaluation dated September 5, 2021, was introduced as an exhibit at the November 8, 2022 hearing. Pursuant to this court's order, it was filed in this court under seal. The contents of this document, therefore, will not be disclosed in this opinion.

of wife's allegations in support of the DVRO Request or of husband's response thereto. From the trial court's Register of Actions, it appears that there may have been up to six court hearings relating to wife's DVRO request. Based upon this court's review of the record, it appears that the evidentiary hearings on the DVRO request took place on January 25, March 29 and November 8, 2022.[4]

A half-day hearing took place on January 25, 2022. The record does not disclose what transpired at that hearing.

A full-day hearing on wife's DVRO Request occurred on March 29, 2022. Wife, husband, and the minor were each represented by counsel. The court heard testimony from a peace officer, wife, and husband. The court minutes reflect that the court would consider evidence on four matters alleged in the DVRO Request: "1 - Covid vaccination of child [¶] 2- Incident during homework session [¶] 3- Father's statement about his and [the minor's] religious beliefs [and ¶] 4- Discharge of gun in [the minor's] presence." As reflected in the minutes, the court, pursuant to Evidence Code section 352, excluded evidence relating to wife's allegations of stalking.[5] The hearing was continued from March 30 (identified as "Day 2 of trial") to June 7, 2022. The minutes also reflect an order that the parties would equally split the cost of the testimony of the custody evaluator.

---

[4] The minute order from the January 25, 2022 hearing is not part of the appellate record. The parties agree, however, that there was a half-day evidentiary hearing on the DVRO Request on January 25, 2022, and that the hearing was continued to March 29, 2022.

[5] Husband asserts repeatedly on appeal that at the March 29 hearing, the trial court "dismiss[ed] . . . all of the DV allegations under Evidence Code section 352." The minute order from the March 29 hearing does not bear out this assertion. Rather, it is reflected in the minute order that the court, under Evidence Code section 352, barred evidence of stalking, but allowed the hearing on wife's DVRO Request to proceed as to other matters alleged by wife. (As noted, the appellate transcript does not include the DVRO Request or the testimony from the hearings on that request, so the substance of wife's allegations is unknown.)

3

The case apparently did not proceed on June 7; rather, it resumed on November 8, 2022, with all parties represented by counsel. The court heard testimony from the custody evaluator, and the custody evaluation was admitted into evidence without objection. Counsel for husband recalled his client to provide testimony on custody issues. Husband's testimony was completed in less than one-half hour. The court then submitted the issue of wife's DVRO Request and in doing so, denied wife's request to reopen the evidence on the issue of stalking. The court found by a preponderance of the evidence that domestic violence had occurred, and it issued a three-year domestic violence restraining order. The court made a finding under section 3044 regarding husband as the restrained person, namely, that "there is a rebuttable presumption that an award of sole or joint physical or legal custody of a child to a person who has perpetrated domestic violence is detrimental to the best interest of the child." (§ 3044, subd. (a).)[6]

At the November 8, 2022 hearing, the court ordered that custody and visitation would be "as outlined in the recommended orders [of the custody evaluator's custody evaluation." The trial court adopted some modifications to the custody evaluator's recommended orders suggested by the minor's counsel. The minutes reflect orders that sole legal and physical custody of the minor would be granted to wife, and that husband would receive supervised virtual visitation one time per week.[7]

A formal DVRO with husband as the restrained party was filed November 22, 2022. The record does not include a formal custody and visitation order based upon the orders issued at the November 8, 2022 hearing.

---

[6] While this presumption is rebuttable, there is nothing in the record as to what evidence or arguments, if any, husband presented to attempt to rebut the presumption. (See *Jaime G. v. H.L.* (2018) 25 Cal.App.5th 794, 803-805 (*Jaime G.*).)

[7] Any prior custody orders in this case are not part of the appellate record. It is apparent that there was an order issued in January 2020 for temporary joint legal and physical custody of the minor.

Husband filed a motion for reconsideration, challenging the DVRO and the order resulting in "the loss of [his] joint legal custody." Prominent among his reasons for challenging the DVRO related to his objections to the substance of the custody evaluation and claimed bias of the custody evaluator. On February 1, 2023, the court denied husband's motion for reconsideration.

Husband filed a notice of appeal from the November 8, 2022 order granting wife's DVRO Request (the Order). (See *Rivera v. Hillard* (2023) 89 Cal.App.5th 964, 974 ["an order granting or denying a request for DVRO" is appealable]; *Enrique M. v. Angelina V.* (2004) 121 CA4th 1371, 1377-1378 [postjudgment child custody order appealable].)

## II. DISCUSSION

### A. Applicable Law: Domestic Violence Restraining Orders

The DVPA is intended "to prevent acts of domestic violence, abuse, and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence." (§ 6220.) The Act provides for relief for acts of domestic violence perpetrated upon, among others, spouses or children of a party. (§ 6211, subds. (a), (e).) "Courts may issue a restraining order to achieve this purpose upon 'reasonable proof of a past act or acts of abuse.' (§ 6300, subd. (a).) 'The length of time since the most recent act of abuse is not, by itself, determinative. The court shall consider the totality of the circumstances in determining whether to grant or deny a petition for relief.' (§ 6301, subd. (c).)" (*J.H. v. G.H.* (2021) 63 Cal.App.5th 633, 641.) Further, "[n]o showing of the probability of future abuse is required to issue a DVPA restraining order: 'A trial court is vested with discretion to issue a protective order under the DVPA simply on the basis of an affidavit showing past abuse.' [Citation.]" (*Rodriguez v. Menjivar* (2015) 243 Cal.App.4th 816, 823.)

Abuse is defined under the DVPA as consisting of: "(1) To intentionally or recklessly cause or attempt to cause bodily injury. [¶] (2) Sexual assault. [¶] (3) To place

5

a person in reasonable apprehension of imminent serious bodily injury to that person or to another. [¶] (4) To engage in any behavior that has been or could be enjoined pursuant to Section 6320." (§ 6203, subd. (a).) Under the DVPA, to constitute abuse, there need not be "the actual infliction of physical injury or assault." (*Id.*, subd. (b).)

Section 6320, subdivision (a) identifies various conduct that the court may enjoin; many of the acts specified, such as harassment and disturbance of the peace of another, do not involve the infliction of physical injury or assault upon the victim.[8] As a panel of this court has held, "[S]ection 6320 broadly provides that 'disturbing the peace of the other party' constitutes abuse for purposes of the DVPA" (*In re Marriage of Nadkarni* (2009) 173 Cal.App.4th 1483, 1497), and that "the plain meaning of th[is] phrase . . . may be properly understood as conduct that destroys the mental or emotional calm of the other party." (*Ibid.*) Section 6320 contains a broad definition of " 'disturbing the peace of the other party' " as "conduct that, based on the totality of the circumstances, destroys the mental or emotional calm of the other party. This conduct includes but is not limited to coercive control . . ." (§ 6320, subd. (c).) The statute lists examples that include "[i]solating the other party from friends, relatives, or other sources of support," and "[c]ontrolling, regulating, or monitoring the other party's movements, communications, daily behavior, finances, economic resources, or access to services." (*Ibid.*) " '[D]isturbing the peace of the other party' through 'conduct that destroys the mental or emotional calm of the other party' " includes a parent's witnessing of infliction of abuse upon his or her child. (*Perez v. Torres-Hernandez* (2016) 1 Cal.App.5th 389, 401.)

---

[8] Section 6320, subdivision (a) provides: "The court may issue an ex parte order enjoining a party from molesting, attacking, striking, stalking, threatening, sexually assaulting, battering, credibly impersonating . . . , falsely personating . . . , harassing, telephoning, . . . destroying personal property, contacting, either directly or indirectly, by mail or otherwise, coming within a specified distance of, or disturbing the peace of the other party, and, in the discretion of the court, on a showing of good cause, of other named family or household members."

The party seeking a restraining order under the DVPA bears the burden of establishing the justification for the order. (See *Jan F. v. Natalie F.* (2023) 96 Cal.App.5th 583, 593.) "The burden of proof is by a preponderance of the evidence. [Citations.]" (*Curcio v. Pels* (2020) 47 Cal.App.5th 1, 11.)

As is the case with orders granting or denying injunctive relief in general, we review a trial court order granting or denying a petition for a restraining order under the DVPA for abuse of discretion. (*S.M. v. E.P.* (2010) 184 Cal.App.4th 1249, 1264.) To the extent that we must consider the trial court's factual findings, they are reviewed for substantial evidence. (*In re Marriage of Davila and Mejia* (2018) 29 Cal.App.5th 220, 226; *Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 822-823.)

**B.      Applicable Law:  Child Custody and Visitation Orders**

In a trial court's consideration of custody and visitation issues, "the overarching [statutory] concern is the best interest of the child. The court and the family have 'the widest discretion to choose a parenting plan that is in the best interest of the child.' [Citation.] When determining the best interest of the child, relevant factors include the health, safety and welfare of the child, any history of abuse by one parent against the child or the other parent, and the nature and amount of contact with the parents. [Citation.]" (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255.)

An appellate court reviews custody and visitation orders under "the deferential abuse of discretion test. [Citation.] The precise measure is whether the trial court could have reasonably concluded that the order in question advanced the 'best interest' of the child. [The reviewing court is] required to uphold the ruling if it is correct on any basis, regardless of whether such basis was actually invoked. [Citation.]" (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.) Factual findings made by the trial court concerning custody and visitation orders are reviewed for substantial evidence. (*Jaime G.*, *supra*, 25 Cal.App.5th at p. 805.) The appellant bears the burden of demonstrating that the trial court abused its discretion. (*F.T. v. L.J.* (2011) 194 Cal.App.4th 1, 16.) And an "order of

a lower court is presumed to be correct on appeal, and all intendments and presumptions are indulged in favor of its correctness.  [Citations.]"  (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)

### C.	Challenge to Order Granting Wife's DVRO Request

Husband contends that the trial court erred in granting wife's DVRO Request.  As this court understands from his appellate briefs, husband challenges the DVRO because: (1) wife did not establish her burden of showing entitlement to relief under the DVPA by "a 'preponderance of evidence' "; (2) husband never committed acts of domestic violence; (3) he did not commit psychological abuse upon the minor; and (4) the court, in granting the DVRO, relied on extraneous material, most notably, the custody evaluation.

As we discuss, husband's claim that the trial court erred in granting wife's DVRO fails for two critical procedural reasons:  (1) husband has failed to present an adequate appellate record demonstrating error; and (2) husband's claims that the court committed error are not supported by required citations to the record.

#### 1.	*Inadequate Appellate Record*

As a threshold issue that defeats husband's claims, we observe that the record before us is incomplete.  None of the relevant pleadings— such as wife's DVRO Request or husband's opposition to that request—are included in the appellate record.  We therefore have no way of determining the allegations presented by wife to the trial court in support of her DVRO Request.  Further, there are no reporter's transcripts or a settled statement from the three hearings.  We therefore have no record of the substance of *any testimony* that was given.

In his second amended notice designating the appellate record, husband elected to proceed by way of a settled statement for unreported proceedings for the November 8, 2022 hearing on the DVRO Request, under California Rules of Court, rule 8.137.  (See *People v. Anderson* (2006) 141 Cal.App.4th 430, 440 ["the settled statement is 'intended to ensure that the record transmitted to the reviewing court preserves and conforms to the

proceedings actually undertaken in the trial court,' not to 'allow parties to create proceedings, make records, or litigate issues which they neglected to pursue earlier' "].)[9] (Hereafter, all rule references are to the California Rules of Court.)  Thereafter, on May 1, 2023, husband filed a proposed settled statement.  Counsel for wife and the minor filed separate papers opposing husband's proposals.  After a hearing on July 19, 2023, the trial court did not approve husband's proposed settled statement, stating that it "contains information that is not appropriate for a [settled] statement and needs to be revised for the court's consideration."  The court thus provided husband with an opportunity to submit a revised proposal.  Husband filed a second proposed settled statement on September 21, 2023, which was also opposed by wife and the minor.  After a hearing on October 16, 2023, the court did not approve husband's revised proposed settled statement, ruling that "[i]t contains too much impermissible information for the court of appeal[] to rely on."[10] There is thus no settled statement before us of the unreported proceedings of November 8, 2022.

Rule 8.137(f)(4) provides that if the trial court orders a hearing to review and correct the appellant's proposed settled statement, after such hearing, it must either itself "[m]ake any corrections or modifications to the statement necessary to ensure that it is an accurate summary of the evidence and the testimony of each witness relevant to the points that the appellant states . . . are being raised on appeal," or direct the appellant to prepare a revised statement that contains corrections and modifications that the court

---

[9] In that notice, husband did not indicate that he wished to proceed by way of a settled statement with respect to the unreported January 25 and March 29, 2022 hearings on the DVRO Request.  Further, husband designated in the notice that he wanted to proceed with the reporter's transcript of proceedings for a hearing prior to, and unrelated to the 2022 hearings on the DVRO Request; that hearing took place on January 7, 2020, and concerned a review after emergency screening.

[10] Husband's first proposed settled statement is not part of the appellate record. However, we have reviewed the second proposed settled statement filed by husband on September 21, 2023.

identifies to be necessary,  Here, since no second revised settled statement is before us and our record concerning what transpired at the October 16, 2023 is incomplete, it is possible that the trial court, in rejecting husband's revised proposed settled statement, did not comply with the alternative procedure of rule 8.137(f)(4) to settle the statement.[11] Generally, a "trial court does retain discretion to refuse to settle a statement; it need not consent to a narrative that is inaccurate, but may insist that the statement reflects the actual proceedings.  That discretion, however, is limited and must be exercised in a manner that does not interfere with the litigant's statutory right to appeal.  [Citations.]" (*Randall v. Mousseau* (2016) 2 Cal.App.5th 929, 934 (*Randall*).)

But assuming (without so concluding) that the trial court in this instance did not comply with rule 8.137(f)(4), the possible denial of the request for a settled statement is not properly before us on appeal.  "To preserve the issue of the denial for appeal, the appellant may seek writ review at the time of the denial, or raise the denial in the opening brief on appeal.  [Citations.]"  (*Randall*, *supra*, 2 Cal.App.5th at pp. 935–936.)  Husband in this instance did not object below to the court's action, did not seek writ review, and did not challenge in his appellate briefs the trial court's actions with respect to his revised settled statement.  Therefore, any claims about the propriety of the trial court's actions with respect to husband's revised proposed settled statement have been forfeited.  (*Id.* at p. 936; see also see also *Moore v. Centrelake Medical Group, Inc.* (2022) 83 Cal.App.5th 515, 541, fn. 13 [appellant failing to assert argument at trial level or in opening brief " 'doubly forfeited' " it].)

Our consideration of a challenge to the trial court's actions regarding husband's proposed revised settled statement—notwithstanding that husband did not assert such

---

[11] Since there is no transcript from the unreported October 16, 2023 hearing, it is possible that, although not reflected in the minute order, the court in fact complied with rule 8.137(f)(4)(B) by directing appellant to prepare a second revised settled statement to include corrections and modifications the court identified at the hearing.

challenge here and it has been forfeited—would not change our view of the merits. We assume without deciding that the trial court here could have settled a limited statement based on husband's second proposal, pursuant to rule 8.137(d). That proposed revised settled statement on its face appeared to have been partially compliant with rule 8.137(d), in that it *did* include "a statement of the points appellant is raising on appeal," and a "factual summary of the evidence and testimony" of one witness, the custody evaluator, as recalled by husband. But in addition to matters required for a settled statement, husband's revised proposal included over 10 pages of inappropriate argument and recitation of matters occurring in the case *other than* at the November 8, 2022 hearing, and contained exhibits unnecessary for a settled statement. Although objections to the revised proposal were filed by wife and the minor, neither party specifically challenged the substance of husband's recitation of the custody evaluator's testimony. The court could accordingly have treated the neutrally stated factual summary of the evidence as unrebutted and stricken all but those passages and husband's specified grounds for appeal. (See rule 8.137(f)(4), (5).)

Husband's proposed factual summary of the evidence and testimony from the November 8, 2022 hearing, however, on its face, was quite limited. As husband acknowledged at oral argument, the focus of his summary of the evidence was the testimony of the custody evaluator. But in his proposed revised statement, husband did not purport to summarize the entirety of the custody evaluator's testimony; rather, he summarized only those portions he believed supported his identified challenge to the sufficiency of the evidence. And although he stated that he had also testified on November 8,, 2022, he did not summarize his testimony. Moreover, since he elected to use a settled statement *for the November 8, 2022 hearing, only*, husband did not attempt to summarize the testimony and evidence relating to the allegations of domestic violence in wife's DVRO Request—presented at the prior hearings on January 25 and March 29, 2022. "Any evidence or portion of a proceeding not included [in a proposed settled

11

statement] will be presumed to support the judgment or order appealed from."
(Rule 8.137(d)(2)(A).) We must accordingly presume under rule 8.137(d)(2)(A) that the testimony husband did not attempt to summarize supported the custody and visitation orders—consistent with the confidential custody evaluation husband acknowledges was admitted into evidence—and the restraining order. Viewed under that presumption, nothing in husband's limited summary of the testimony would assist him in challenging the sufficiency of the evidence supporting the court's orders.

A party challenging a ruling by the trial court has the burden of showing reversible error by an adequate record. (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574 (*Ballard*).) An appellant's failure to present an adequate record will result in the issue being resolved against the appellant. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 (*Maria P.*).) As the California Supreme Court has explained: "[T]he absence of a court reporter at trial court proceedings and the resulting lack of a verbatim record of such proceedings will frequently be fatal to a litigant's ability to have his or her claims of trial court error resolved on the merits by an appellate court. This is so because it is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.] 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court. "[I]f any matters could have been presented to the court below which would have authorized the order complained of, it will be presumed that such matters were presented." ' [Citation.] ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' [Citation.]" (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609 (*Jameson*); see also *Shenefield v.*

*Shenefield* (2022) 75 Cal.App.5th 619, 633, fn. 12 ["[w]hen there is no reporter's transcript and no error is evident from the face of the appellate record, we presume that the unreported trial testimony would demonstrate absence of error"].)

Husband asserts that wife did not meet her burden of proving her claim in support of the issuance of the DVRO by a preponderance of the evidence. Husband's conclusory arguments of error cannot be addressed because this court does not have before it the DVRO pleadings, the testimony, other evidence, or the arguments presented at the three hearings. Stated otherwise, we cannot evaluate the evidentiary showing because the record *contains no evidence to evaluate.*

Relatedly, husband contends that there was no "substantial evidence [of] Domestic Violence" presented at the hearings. As the appellant asserting such a challenge, husband was required " 'to demonstrate that there is *no* substantial evidence to support the challenged findings.' [Citations.] A recitation of only [appellant's] evidence is not the " 'demonstration' " contemplated under the above rule. [Citation.] Accordingly, if . . . [appellant argues that] 'some particular issue of fact is not sustained, [appellant is] required to set forth . . . *all* the material evidence on the point and *not merely* [*appellant's*] *own evidence.* Unless this is done the error assigned is deemed to be waived.' [Citations.]" (*Foreman & Clark Corp. v. Fallon* (1971) 3 Cal.3d 875, 881, original italics (*Foreman & Clark*).) Here, husband's claim that the court's findings in support of the DVRO were not supported by substantial evidence is not founded on a recitation of *any evidence*, let alone all material evidence on the issue.

### 2.    *Absence of Supporting Record Citations*

In each appellate brief, the party is required to "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Rule 8.204(a)(1)(C).) The appellate court will deem "to be forfeited" any contention in a brief that is not supported by a citation to the record. (*In re S.C.* (2006) 138 Cal.App.4th 396, 406-407; see also *Yeboah v. Progeny Ventures, Inc.* (2005) 128

13

Cal.App.4th 443, 451 (*Yeboah*) [factual statements in briefs "not supported by references to the record may be disregarded" by the reviewing court].)  Further, the appellant in his or her opening brief is required to "[p]rovide a summary of the significant facts *limited to matters in the record*."  (Rule 8.204(a)(2)(C), italics added.)  "Factual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs."  (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102 (*Lona*).)

The appellate briefs submitted by husband do not comply with rule 8.204(a)(1)(C) by "[s]upport[ing] any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."[12]  We must therefore disregard husband's unsupported factual or procedural statements.  (See *Yeboah*, *supra*, 128 Cal.App.4th at p. 451.)  Husband has also presented alleged facts and procedural matters that are not part of the appellate record.[13]  We will disregard these extraneous matters.  (See *Lona*, *supra*, 202 Cal.App.4th at p. 102.)

### 3.    *Conclusion:  Challenge to DVRO*

Neither wife's DVRO Request nor husband's response is part of the record before us.  Likewise, there is no record—either through reporter's transcripts or a settled statement—of the evidence presented at the hearings on the DVRO Request that spanned three court days.  (See *Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th

---

[12] Although some of the statements in husband's appellate briefs contain citations to the record, those citations (contrary to husband's suggestions) do not confirm what *actually transpired* at the hearings.

[13] Included among the unsupported factual statements in husband's appellate briefs are that:  (a) the court "rel[ied] on testimonies [*sic*] unrelated to DV, notably based solely upon the 2021 custody evaluator"; (b) "only 1 of 14 of the Appellant's Trial Brief Exhibits were considered during the designated trial on November 8, 2022"; (c) "[t]he evidence [proffered] by Appellant included materials and testimonies [*sic*] from other subpoenaed expert witnesses"; and (d) "[t]his scheduled 'full day' trial [on November 8] ended in less than two hours at 10:45 a.m. . . ." that afforded husband a "lack of opportunity" to present and for the court "to receive and consider substantial evidence."

476, 483 (*Southern California Gas*) ["reporter's transcript or an agreed or settled statement . . . [may] be indispensable" for an appeal involving abuse of discretion or substantial evidence]; see also *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [challenge to reasonableness of attorney fee award rejected where record, that did not include pleadings or reporter's transcript, was inadequate].) Husband, as the party challenging the trial court's DVRO, has the burden of showing reversible error by an adequate record. (See *Ballard*, *supra*, 41 Cal.3d at p. 574.) His failure, as appellant here, to present an adequate record requires that the issue be resolved against him. (*Maria P.*, *supra*, 43 Cal.3d at pp. 1295-1296; see also *Jameson*, *supra*, 5 Cal.5th at pp. 608-609.)

### D. Challenges to Custody and Visitation Orders

As noted, *ante*, after the trial court granted wife's DVRO Request at the November 8 hearing, it ruled on the custody and visitation matters before it. The court granted sole legal and physical custody of the minor to wife, and it ordered that husband would receive supervised virtual visitation one time per week.

Husband challenges these orders. He asserts the orders were "based substantially upon the 2021 custody evaluation . . . and [the custody evaluator's] testimony . . ." Husband contends that neither order was based upon substantial evidence. And he challenges the court's orders that he contends were based upon the custody evaluation by criticizing the methodology and impartiality of the evaluator. Husband contends, inter alia, that the custody evaluator was biased, relied on hearsay, conducted insufficient interviews, failed to interview collateral source witnesses identified by husband, and ignored critical evidence that husband offered.

Husband's claims, again, fail due to an inadequate appellate record. There is no record—reporter's transcript, settled statement, or agreed statement—describing the testimony, other evidence, arguments of counsel, or comments of the court from the November 8, 2022 hearing out of which the custody and visitation orders arose. (See

15

*Southern California Gas*, *supra*, 5 Cal.App.5th at p. 483 [reporter's transcript or other record of proceedings "indispensable" in review of order for abuse of discretion or substantial evidence].) The only information available to this court consists of the custody evaluation, husband's and wife's separate responses, and the minute order indicating that the custody evaluator and husband testified and that the court made the custody and visitation orders at the conclusion of the hearing. The record includes no findings or other information related to the orders.[14] And, as we have explained, husband's second proposed settled statement, even if the court had certified it in whole or in part, would not have remedied the problem of husband's failure to provide an adequate appellate record. There is therefore no basis for this court to assess the manner in which the trial court exercised its discretion in making the orders (See *F.T. v. L.J.*, *supra*, 194 Cal.App.4th at p. 16 [burden of proof on appellant to show court abused its discretion in making custody order].)

Furthermore, husband's challenge to the custody and visitation orders fails because he was required " 'to demonstrate that there is *no* substantial evidence to support' " the findings made in connection with those orders by presenting " '*all* the material evidence on the point and *not merely* [appellant's] *own evidence*.' " (*Foreman & Clark*, *supra*, 3 Cal.3d at p. 881, original italics.) Husband's substantial evidence challenge to the custody and visitation orders is supported by *no evidence*.

The custody and visitation orders are presumed on appeal to be correct. (*Jameson*, *supra*, 5 Cal.5th at pp. 608-609; *In re Marriage of Arceneaux*, *supra*, 51 Cal.3d at p. 1133.) Husband's failure to meet his burden of showing reversible error by an adequate record (*Ballard*, *supra*, 41 Cal.3d at p. 574) compels that the issue be resolved

---

[14] There is an entry in the Register of Actions that a formal Findings and Order after Hearing was filed on December 12 in connection with the November 8, 2022 hearing; however, that formal order is not included in the record.

16

against him. (*Maria P.*, *supra*, 43 Cal.3d at pp. 1295-1296; see also *Jameson*, *supra*, at pp. 608-609.)

### E.    Other Appellate Arguments

Husband makes several additional arguments, most of which are directed to his challenges to the DVRO and the custody and visitation orders, that we will briefly address.

Husband contends that the trial court abused its discretion by allegedly deferring its ruling on the DVRO Request for more than seven months (March to November) until the custody evaluator was available to testify. There is no transcript from the March 29, 2022 hearing that would permit us to evaluate husband's factual contention that the court deferred its ruling on the DVRO Request until hearing the custody evaluator's testimony, or his legal contention that such alleged deferral was improper.

Husband asserts the trial court erred by failing to consider 13 of husband's 14 proposed exhibits. Although the record shows that husband identified 14 proposed trial exhibits in a pleading filed before the November 8 hearing, the record does not show whether husband, in fact, *offered* any exhibits (other than the custody evaluation) at the hearing. There is thus no record that the court (as implied by husband) excluded any of the 13 proposed exhibits. As the record stands, husband's statement that the proposed exhibits "were [not] considered" means nothing more than that husband did not offer them at the hearing.

Additionally, husband contends that the trial court "excluded items . . . [that included] materials from two other subpoenaed expert witnesses." While the record shows that, in his trial brief filed before the November 8 hearing, husband identified two social workers who apparently did not testify at the hearing, the record does not indicate whether husband, in fact, *offered* the testimony of either witness at the November 8 hearing. Thus, there is no indication husband in fact *proffered the testimony* of two experts identified in his trial brief *at the hearing* or that the court refused such testimony.

17

The court minutes for the November 8 hearing reflect no such thing. Husband was represented by counsel at the November 8 hearing.

Further, husband asserts repeatedly and in a conclusory fashion in his appellate briefs that his due process rights were violated by the trial court because, inter alia, evidence he wished to present was excluded. As we have observed, there is nothing in the record supporting husband's contention that the trial court excluded documentary or testimonial evidence offered by husband. Moreover, because husband's due process claim is completely conclusory, it cannot be considered by this court. (See *People v. Weaver* (2001) 26 Cal.4th 876, 987 [claim of error that is not supported by legal argument or is merely perfunctorily asserted will not be addressed by appellate court]; *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 707 [appellate court deems forfeited appellant's unsupported claim that due process rights were violated by trial court].)

Lastly, husband challenges the orders, claiming that the trial court gave his positions short shrift. Husband asserts that the November 8 hearing was a "scheduled 'full day' trial [that] ended in less than two hours at 10:45 a.m." under which he was not afforded an opportunity to present and for the court "to receive and consider substantial evidence." Husband's argument that he was not afforded an adequate opportunity to present his case is not supported by citations to the record. And, to the contrary, it appears that the DVRO Request was heard over the course of three hearings (January 25-half day, March 29-full day, November 8-morning). This does not support husband's contention that the trial court did not give him an adequate opportunity to present his case.

### III.   DISPOSITION

The November 8, 2022 order (minute order) granting respondent Doina Smith's request for a domestic violence restraining order (DVRO) under the Domestic Violence Protection Act, the formal DVRO filed November 22, 2022, and any other orders

granting respondent's request for DVRO heard and granted on November 8, 2022, are affirmed. The November 8, 2022 order (minute order) concerning custody and visitation, and any other orders confirming the custody and visitation orders made at the November 8, 2022 hearing, are affirmed. Statutory costs are awarded to respondent.

_____
BAMATTRE-MANOUKIAN, ACTING P. J.

WE CONCUR:

_____
GROVER, J.

_____
LIE, J.

*Smith v. Smith*
**H050842**